MARON DELANEY et al., Respondents, *v.* PHILHERN REALTY HOLDING CORPORATION et al., Defendants, and JACOB SHAPIRO et al., Appellants.

Argued April 5, 1939; decided June 2, 1939.

*H. H. Brown* and *E. C. Sherwood* for Jacob Shapiro, appellant. The plaintiffs failed to establish negligence on the part of the defendant Shapiro. If there was any negligence in connection with the laying of the pipe and planks it was the negligence of I. B. Miller, Inc., and for that subcontractor's negligence the defendant general contractor would not be responsible. (*Moore* v. *Wills*,

Inc., 250 N. Y. 426; *Ahbol* v. *Harden Contracting Co.*, 265 N. Y. 564; *French* v. *Vix*, 143 N. Y. 90; *Hexamer* v. *Webb*, 101 N. Y. 377; *Whitehill* v. *Hartman Constr. Co.*, 87 Misc. Rep. 184; 168 App. Div. 928; *Iacono* v. *Frank & Frank Contracting Co.*, 259 N. Y. 377; *Kelly* v. *Mayor*, 11 N. Y. 432; *Uppington* v. *City of New York*, 165 N. Y. 222; *Herman* v. *City of Buffalo*, 214 N. Y. 316; *Joyce* v. *Convent Ave. Constr. Co.*, 155 App. Div. 586; *Sartirana* v. *New York County Nat. Bank*, 139 App. Div. 597; *Hyman* v. *Barrett*, 224 N. Y. 436.) The plaintiffs failed to establish Mrs. Delaney's freedom from contributory negligence. (*Weston* v. *City of Troy*, 139 N. Y. 281.) The trial court erred in instructing the jury on the question of contributory negligence. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

*William P. Cotter* for I. B. Miller, Inc., appellant. The charge on contributory negligence was error. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Weston* v. *City of Troy*, 139 N. Y. 281; *Nolan* v. *King*, 97 N. Y. 565; *Whalen* v. *Citizens' Gas Light Co.*, 151 N. Y. 70.) The plaintiff was guilty of contributory negligence as a matter of law. (*Minick* v. *City of Troy*, 83 N. Y. 514; *Weston* v. *City of Troy*, 139 N. Y. 281; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

*Thomas A. Shaw, Jay S. Jones, Edward J. Fanning* and *John Gold* for respondents. The trial court properly instructed the jury on the question of contributory negligence. (*Wahrman* v. *Board of Education*, 187 N. Y. 331; *Magid* v. *City of New York*, 234 App. Div. 38; *Racine* v. *Morris*, 201 N. Y. 240; *Ramme* v. *Long Island R. R. Co.*, 226 N. Y. 327; *Clifford* v. *Dam*, 81 N. Y. 52; *Irvine* v. *Wood*, 51 N. Y. 224; *Callanan* v. *Gilman*, 107 N. Y. 360; *Cohen* v. *Mayor*, 113 N. Y. 532; *Linzey* v. *American Ice Co.*, 131 App. Div. 333; 197 N. Y. 605; *Wells* v. *Interborough R. T. Co.*, 124 App. Div. 631.) The jury were warranted in finding the general contractor liable. (*Rosenberg* v. *Schwartz*, 260 N. Y. 162; *Wright* v. *Tudor City Twelfth Unit, Inc.*, 276 N. Y. 303; *Rohlfs* v. *Weil*, 271 N. Y. 444; *Boylhart* v. *Di*

*Marco & Reimann, Inc.*, 270 N. Y. 217; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Deming* v. *Terminal Ry. Co.*, 169 N. Y. 1; *McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *Hanley* v. *Central Sav. Bank*, 255 App. Div. 542; *Halligan* v. *Fitzpatrick*, 243 App. Div. 252; *Uggla* v. *Brokaw*, 117 App. Div. 586; *Simmons* v. *Everson*, 124 N. Y. 319; *Irvine* v. *Wood*, 51 N. Y. 224.)

FINCH, J. This is an action for damages arising out of personal injuries due to the alleged fault of the subcontractor and contractor.

The questions presented are the correctness of the charge of the court, whether the defendant subcontractor fairly apprised the court that the charge was improper, and whether the general contractor, as distinguished from the subcontractor, may avail himself of the exception by the subcontractor and participate in the new trial.

The facts sufficiently set forth to show how the questions arise are as follows:

The defendant Shapiro, a general contractor for the construction of a theatre, sublet to an independent contractor, Miller, Inc., excavation work which necessitated the use of compressed air passing through a pipe running across the sidewalk to the excavation from a compressor machine in the roadway. This crossing required a permit. A permit for the purpose of " crossing [the] sidewalk " had been obtained but whether the wording of this permit comprised a crossing by way of pipes containing compressed air was a question properly submitted to the jury. The obstruction across the sidewalk consisted of a two-inch pipe flanked by boards two inches high and twelve inches wide each with a beveled edge on the approach side. One of the boards became tilted against the pipe. Plaintiff walking along the sidewalk stepped on the tilted board which slipped under her weight and thereby caused her to fall and sustain injuries. The case was submitted to the jury upon the theories of negligence and of nuisance.

The learned court correctly charged as to negligence but there was error in the charge as to nuisance. Nuisance

in this case could arise in two ways: laying the pipe and boards across the sidewalk without a permit therefor, and laying the pipe and boards across the sidewalk with a permit but in a negligent manner, *e. g.*, where the board is tilted against the pipe instead of lying flat on the sidewalk.

If no license has been issued, then an obstruction in the public way is an absolute nuisance (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340, 343; *Clifford* v. *Dam*, 81 N. Y. 52; *Congreve* v. *Smith*, 18 N. Y. 79), whereas if a permit has been issued but the privilege to obstruct the public way is exercised in an improper manner, then the resulting nuisance is of a kind which arises out of negligence.

As to the kind of misconduct on the part of a plaintiff which bars recovery in an action based on negligence and one based on nuisance, a jury should be charged as follows: When the charge is want of due care or negligence, obviously any want of due care on the part of the plaintiff or negligence contributing to the happening, prevents recovery. When the complaint is nuisance, consideration must be given to the kind of nuisance, whether nuisance based on mere want of due care and thus arising out of negligence, or nuisance based on an act which is unlawful even if performed with due care. When the gravamen of the complaint is nuisance which arises out of negligence, then a jury should be charged that contributory negligence on the part of the plaintiff bars recovery. (*McFarlane* v. *City of Niagara Falls, supra.*) But where the gravamen of the complaint is an absolute nuisance or a nuisance *per se*, that is a nuisance based on an act which is unlawful even if performed with due care, then a jury should be charged that something more than a mere want of ordinary care on the part of the plaintiff is required to prevent recovery. (*Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNally*, 73 N. Y. 347.) The act of the plaintiff to prevent recovery must amount to being informed of the dangers in his path and then being willing to encounter them. The principle is comprised within the old maxim, *volenti non fit injuria*, or " one will not be heard to complain of results one has invited." (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253

N. Y. 324, 327; *McFarlane* v. *City of Niagara Falls, supra;*
*Smith* v. *Baker & Sons,* L. R. [1891] A. C. 325, 360; Harper on
the Law of Torts, §§ 153, 193; Bohlen, Studies in the Law
of Torts, pp. 514–521.)

A person in the public way is usually entitled to expect
that it will be free from obstruction. Thus, in the leading
case of *Clifford* v. *Dam* (*supra*) where the plaintiff fell
into an uncovered coal hole, it was held that the plaintiff
need not have been alert for dangerous conditions. The
jury should be charged that a person in walking along the
sidewalk need not be expecting obstructions to safe passage;
but if the plaintiff sees the obstruction and with foresight
of the consequences unreasonably attempts to exercise the
legal right of passage regardless of the risk, then there may
be no recovery. The unreasonableness under all the circum-
stances would be measured by the extent of the risk foreseen
and the value of the right to be secured.

In the light of the foregoing, we may consider the charge
of the trial judge in the case at bar, which was as follows:
" From the point of view of the claim that it was a nuisance,
as I said before, any obstruction like this which is allowed
to become loose or otherwise so that it did tilt up and
become a subject of danger to a pedestrian, constitutes a
nuisance, and then the question of contributory negligence
would not enter like it does on the theory of negligence only."

The portion of the charge quoted refers to the kind of
nuisance which arises out of doing a lawful act but doing
it negligently or without due care, and makes no distinction
between plaintiff's right to recover for such an act and
where the defendant is liable for an absolute nuisance or
a nuisance based on the doing of an act unlawful in itself
as if the defendant subcontractor laid the pipe across the
sidewalk in disregard of the requirement that a permit with
safeguarding regulations must be obtained therefor.

The general contractor, appellant Shapiro, urges that he
is not liable for the improper manner in which his sub-
contractor laid the pipe and boards, because that is a
collateral act of negligence on the part of an independent
contractor. The test as to whether an act is collateral

has been stated as follows: " Probably the rule as to collateral negligence means nothing more than that the negligence required to impose liability upon an employer of an independent contractor must be negligence committed in the doing of the act itself which he is employed to do, and that negligence in other operations which, though connected with that work, are not themselves of a kind to create vicarious liability, is not sufficient. Thus if a defendant employs a contractor to make an excavation in a street, the defendant will be responsible for the negligence of the contractor in failing to light or guard the excavation, but will not be responsible for his negligence in carting materials to or from the scene of the operations." (Salmond on the Law of Torts [8th ed.], p. 124.)

The general contractor here makes the same argument that was advanced in *Wright* v. *Tudor City Twelfth Unit, Inc.* (276 N. Y. 303). In that case, " There was evidence to sustain a finding by the jury that the defendants were aware that the work, which they had delegated to another, was being done in a way from which danger to the public was reasonably forseeable " (at p. 308). Here, too, the general contractor knew that the subcontractor had laid the pipe and boards on the sidewalk. (*Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166.) With the limited exception above mentioned, one who authorizes work dangerous to those on a public way cannot delegate liability for the negligent performance of that work. (*Wright* v. *Tudor City Twelfth Unit, Inc., supra; Rohlfs* v. *Weil,* 271 N. Y. 444; Salmond, op. cit., *supra,* § 75.)

We deem that the appellant Miller, Inc., sufficiently excepted to that portion of the charge regarding contributory negligence as a defense to nuisance arising out of negligence. Although appellant Shapiro did not except thereto, he may take advantage thereof. His liability in any event is derived from Miller, Inc. The function of an exception is to give the court and the opposing party the opportunity to correct an error in the conduct of a trial. No greater opportunity would have been afforded, had the exception

been chorused by both Shapiro and Miller, Inc., rather than made by the latter alone. The general contractor, therefore, should be allowed to participate in the new trial.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J. (concurring in result). There has been so much written and said about the defense of negligence in an action of nuisance that the subject has become a mystery, smothered in verbiage.

The law in my judgment is, and should be, that except in rare cases of absolute nuisance of extreme danger, the negligence of the plaintiff contributing to the injury *may be* a bar to recovery. Whether it should be must be a question for the jury, and it is useless to attempt to define the degree of negligence which would thus be a defense. It must necessarily depend upon the circumstances. Where the plaintiff has exercised no care, or the care which the circumstances call for, and was thus injured by the nuisance, it must be that his own contributing negligence may prevent recovery. To try to distinguish between the different kinds of nuisance or the degree of nuisance, and the cases where the negligence of the plaintiff would or would not bar recovery, has led the courts into a maze.

I believe the rule to be as I have stated it, and, therefore, I cannot agree with the prevailing opinion, although I do concur in the result.

RIPPEY, J. (dissenting). In my opinion no question of error in submission of the case is presented for the consideration of this court. Under those circumstances I vote for affirmance without considering the question as to whether there was or was not an error in the charge on the subject of nuisance.

LEHMAN, HUBBS and LOUGHRAN, JJ., concur with FINCH, J.; CRANE, Ch. J., concurs in result in separate opinion; RIPPEY, J., dissents in memorandum; O'BRIEN, J., taking no part.

Judgments reversed, etc.