GEORGE S. FRIEDLANDER, Appellant, *v.* EAGLE DRY GOODS CORPORATION, Respondent, et al., Defendants.

First Department, May 5, 1944.

*David A. Ferdinand* for appellant.

*Milton C. Jacobs* of counsel (*Saulsbury, Jones & Lynch,* attorneys), for respondent.

COHN, J. The action is to recover damages for personal injuries. Plaintiff made a purchase of blankets in defendant's store. He proceeded to carry some of these blankets to his motor car. While crossing the public sidewalk in front of defendant's store, he tripped over one of two cellar doors. The doors of the cellar were open and were standing in an upright position. The opening, which led to the basement from the street, was covered with a wire mesh.

In separate causes of action plaintiff charged that the structure over which he had fallen constituted a nuisance and that defendant-respondent, who occupied the store, was negligent in permitting such a structure to remain upon the sidewalk.

At the close of the entire case the trial court instead of submitting the case to the jury, dismissed plaintiff's complaint upon the ground that no negligence had been established. We think this was error.

There is no dispute that the cellar doors, over which plaintiff tripped, were on a public sidewalk and that they were open at a time when the entrance to the cellar was not being used. This was a violation of section C26–226.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) which, in part, provides: "Where such entrance is covered by a cellar door, such door shall be kept in good repair, and shall not be permitted to remain open, except when in actual use for ingress or egress of persons or for the loading or unloading of things out of or into such cellar or basement story."

The wire mesh covering did not completely overcome the nuisance created by the open cellar doors. The statute was designed not only to protect pedestrians against unguarded cellar openings in public sidewalks, but was intended, as well, to eliminate any unnecessary obstruction of the public thoroughfare.

Though defendant may have had the privilege of obstructing the public way by the use of the cellar entrance, if its exercise of that privilege were improper, a nuisance arising out of negligence would result. "When the gravamen of the complaint is nuisance which arises out of negligence, then a jury should be charged that contributory negligence on the part of the plaintiff bars recovery." (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461, 465; see, also, *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

We cannot say as a matter of law that if plaintiff had been alert the accident would have been avoided. A person using a public sidewalk is usually entitled to expect that it will be

free from obstruction. (*Delaney* v. *Philhern Realty Holding Corp., supra,* p. 466.) In the circumstances, we think that the issues of fact involved were for the jury.

The judgment should be reversed and a new trial ordered, with costs to plaintiff-appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.