Sidney A. Fine, J.
In this litigation the plaintiff seeks damages from George A. Fuller Company, as the general contractor, and Rizzi Construction Co., Inc., as the concrete subcontractor, on the building known as the Lever Building in the course of construction on the west side of Park Avenue from 53rd to 54th Street in the borough of Manhattan, city of New York. He charges them with negligence in causing him to suffer an injury on April 30, 1951 while working as an employee of F. & J. Puzzio Construction Company, the masonry contractor, on the north side of the said building at the third-floor level on a common way when he was struck on the head by a piece of concrete which he alleges fell from a floor above the third-floor level by reason of the negligent removal of floor forms by employees of the defendant Rizzi Construction Co., Inc., which *323 previously had poured the concrete into said forms. The plaintiff claims that with knowledge either actual or constructive of the presence of employees like the plaintiff working below them on the building, Bizzi Construction Co., Inc., acting through its own employees disregarded and was unmindful of the probable consequence of its acts, and the effect of its conduct on the plaintiff. Negligence is attributed to the defendant Fuller in that having knowledge of the conduct of Bizzi Construction Co., Inc., it failed in its duty to use reasonable care as a general contractor as to the plaintiff and his right to have a reasonably safe place to work and that it failed adequately to supervise the manner in which the employees of Bizzi Construction Co., Inc., performed its obligations.
The defendant George A. Fuller Company has interposed a cross complaint over and against defendant Bizzi Construction Co., Inc., for alleged affirmative acts of negligence on its part and alleging that it, George A. Fuller Company, was without any active or affirmative negligence, carelessness and recklessness in causing the injury.
It was stipulated that if the plaintiff prevailed in this action the damages were to be in the sum of $25,000.
Upon all the evidence adduced at the trial and the inferences drawn therefrom the court finds that the plaintiff was injured at a place that was part of a common way and approach which was necessary or suitable for employees working on the building to perform their duties and that the falling concrete that struck the plaintiff fell as a result of the negligence of the employees of the defendant Bizzi Construction Co., Inc., in removing the forms without using reasonable care to protect the plaintiff, an employee of another subcontractor who was working directly beneath the place where the forms were being removed from the concrete and that the plaintiff was free from contributory negligence. The court finds that the exercise of reasonable care prescribed that the defendant Bizzi Construction Co., Inc., anticipate that portions of the concrete would fall and that reasonable precautions were not taken to protect employees as the plaintiff in the path of the foreseeable danger. The court finds that there was an unreasonable and unnecessary increase in the hazard to the plaintiff as a result of the defendant’s actions in removing the forms and that this defendant affirmatively created this condition through its failure to use reasonable care under the attending circumstances.
As to the defendant George A. Fuller Company the court finds that it was in active supervision of the work done on the construction and being in active supervision it had knowledge *324 of the manner in which the operations were being carried on by the various subcontractors and that it had supervision and control over the way and approach where the plaintiff was injured and that it possessed supervisory power of direction over the plaintiff and the defendant Bizzi Construction Co., Inc.
The common way where the plaintiff was injured was not in fact an unsafe place for the plaintiff to perform his work but became unsafe by virtue of the concrete subcontractor’s conduct in removing the forms from the concrete floors. The nature of this stripping by the subcontractor was such that it would put an ordinarily prudent contractor on notice that a change in conditions was imminent and that the place heretofore a safe way had been changed into one quite unsafe under conditions then prevailing. The court finds that the work being done by the employees of the defendant Bizzi Construction Co., Inc., and the place where the plaintiff was injured were not connected so as to exculpate the defendant under the ruling in Citrone v. O’Rourke Eng. Constr. Co. (188 1ST. Y. 339, 342). Ordinarily, a general contractor is not liable for the collateral negligence of a subcontractor. What constitutes collateral negligence has been discussed in the case of Delaney v. Philbern Realty Holding Corp. (280 N. Y. 461,467) wherein the court states: “ ‘ Probably the rule as to collateral negligence means nothing more than that the negligence required to impose liability upon an employer of an independent contractor must be negligence committed in the doing of the act itself which he is employed to do, and that negligence in other operations which, though connected with that work, are not themselves of a kind to create vicarious liability, is not sufficient. Thus, if a defendant employs a contractor to make an excavation in a street, the defendant will be responsible for the negligence of the contractor in failing to light or guard the excavation, but will not be responsible for his negligence in carting materials to and from the scene of the operation’.” With the reasoning therein expressed by the Court of Appeals this court finds that the negligence of the subcontractor in removing the forms was not collateral to a degree to exonerate the contractor from liability under the attending circumstances. The law is well established that a general contractor who is present and has notice that a subcontractor is doing his work in a dangerous manner in that he is unreasonably and unnecessarily increasing the hazard to third persons lawfully on the building as employees of other subcontractors and at a place under the contractor’s supervision and control may be held liable for its own negligence for injuries resulting directly to such employees through the negligent and dangerous *325 conduct on the part of the subcontractor and which the contractor failed to correct in the exercise of reasonable care. (See Rosenberg v. Schwartz, 260 N. Y. 162, 166.)
The defendant George A. Fuller Company, as general contractor, was under a duty to use reasonable care in maintaining the ways and approaches that are necessary or suitable for the employees working on the building to perform their duties in a condition of reasonable safety. (Casperen v. La Sala Bros., 253 N. Y. 491.)
For failure to perform this duty there can be liability even though the general contractor is not liable for the negligence of the servants or employees of a subcontractor that is entirely collateral to the contractor’s duty.
While the liability of general contractors is not too, well defined under the prevailing conditions, it appears to be fairly well established by law that over those places used in common and over which the general contractor has supervisory control there is an element of liability imposed on the general contractor. The general contractor is under a duty to use reasonable care as to workmen on common ways and appurtenances and to prevent subcontractors working on the building from performing their work in a reckless and negligent manner that subjects other workmen on the building to unnecessary and unreasonable risks that are not normally to be anticipated and guarded against in the exercise of reasonable care. Upon appraising the situation the court finds that the plaintiff was working under conditions that were unnecessarily and unreasonably hazardous and that in the exercise of reasonable care on the part of either one of the defendants the injuries to the plaintiff could have been avoided. While under the law the employer of the plaintiff owed him the statutory duty prescribed by section 240 of the Labor Law to provide him with proper scaffolding, including protection from known dangers including falling objects and while the duty of the general contractor may not be coterminous with that of his employer in this respect, yet the duty of the general contractor is conterminous to the extent that it was required to use reasonable care as to the plaintiff and the absence of such reasonable care constituted active rather than passive negligence on the part of the general contractor as to the injured plaintiff. In emergencies and on occasions the imminency of danger negatives a final determination as to whose duty it was in the first instance to erect supplementary safeguards to protect the plaintiff from falling concrete when a suitable warning or signal from either of the defendants might have avoided the foreseeable accident even though the general contractor took *326 no other steps to regulate the action of the subcontractor in removing the forms from the concrete.
The very least both defendants owed to the plaintiff was some notice either in person or by loud speaker, siren or other means to call attention to the fact that there was an additional hazard to be encountered from the likelihood of loose pieces of concrete falling down as the forms were being removed by the subcontractor at the time. For failure to use reasonable care under the prevailing conditions the defendant Fuller Company is held to be liable for active rather than passive negligence. While in appraising comparative negligence there may be a basis for a finding that the negligence of the subcontractor exceeded in scope that of the general contractor, the present state of the law of New .York makes no provision for the court to apply such principle of comparative negligence in this type of litigation. Since the court has found that both defendants were guilty of active negligence, the negligence of the subcontractor being predicated upon acts of commission and omission whereas the negligence of the general contractor is predicated upon acts of omission, the cross complaint of the Fuller Company is dismissed. Accordingly, the clerk is directed to enter judgment in favor of the plaintiff against both defendants in the sum of $25,000 and dismissing the cross complaint. The parties are each granted an exception appropriate to protect its rights upon appeal.
This constitutes the decision of the court under section 440 of the Civil Practice Act inasmuch as all parties have waived the submission of findings as provided for in section 439 of the Civil Practice Act.
The court grants both defendants a 30 days’ stay of execution and 60 days in which to make a case.