(May 15, 1956)

■ JOSEPHINE CAMPANELLI, as Administratrix of the Estate of VITO CAMPANELLI, Deceased, Respondent, v. KRETZER & SON, INC., Appellant; LONGWOOD ERECTING COMPANY, INC., et al., Appellants-Respondents, et al., Defendants.— Action to recover damages for the wrongful death of plaintiff's intestate and for his conscious pain and suffering. On December 22, 1953, the intestate, while working on a building in the course of construction, was struck by a falling beam and received the injuries from which he died later that day. The beam, which fell and struck the intestate, had been placed horizontally in the building structure and was temporarily secured to vertical beams by a bolt in each of its ends. Another beam, while being lifted by a crane to be placed in the structure, dropped or swung on the crane and struck the first beam, causing the bolts holding it in place to shear off and the beam to fall. The action was brought against Kretzer & Son, Inc., the general contractor; Longwood Erecting Company, Inc., the steel subcontractor; John E. Breen, Inc., the owner, and Stanley Band, the operator, of a crane, used in the steel construction work, and Grand Iron Works, Inc., the supplier of the bolts used to hold the beam in place. Kretzer served cross claims against Longwood, Grand, Breen, and Band, alleging that any negligence causing the death of or injury to the intestate was due to their active negligence. In a second cross claim against Grand, Kretzer sought indemnification under a contract between them. Grand served cross claims against Longwood and Breen alleging that any negligence causing the death of or injury to the intestate was due to their active negligence. Grand served a second cross claim against Longwood for

indemnification under a contract between them. At the end of the case, the complaint was dismissed as to Grand, and Kretzer's second cross claim against Grand was severed. The parties stipulated that the court should dispose of the remaining cross claims. The jury rendered a verdict in favor of plaintiff for $145,000 for wrongful death and $5,000 for conscious pain and suffering against Kretzer, Longwood, and Breen, and in favor of Band against the plaintiff. The court dismissed the remaining cross claims. Kretzer appeals from the judgment entered on the verdict insofar as said judgment is in favor of plaintiff against it and insofar as its cross claims are dismissed. Longwood appeals from said judgment insofar as said judgment is in favor of plaintiff against it. Breen appeals from said judgment insofar as said judgment is in favor of plaintiff against it, and also appeals from orders denying its motions to dismiss the complaint at the end of the plaintiff's case and at the end of the entire case, for a directed verdict and to set aside the verdict. Subsequent to the entry of judgment, an order was made amending the judgment so as to designate Longwood Erectors, Inc., the name in which it was sued, to Longwood Erecting Company, Inc., its correct corporate name. On appeals by Kretzer & Son, Inc., and Longwood Erecting Company, Inc., judgment, insofar as it is in favor of respondent Campanelli against said appellants in the action for wrongful death, reversed, a new trial granted, and action severed, unless said respondent, within twenty days after the entry of the order hereon, stipulate to reduce the verdict in her favor against said appellants from $145,000 to $100,000, in which event, the judgment, as so reduced, is affirmed, without costs. In our opinion, said verdict is excessive. Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., concurs insofar as Kretzer & Son, Inc., is concerned and insofar as the judgment is reversed as to Longwood Erecting Company, Inc., but dissents insofar as a new trial is granted as to Longwood unless respondent Campanelli stipulate to reduce the verdict in her favor against said appellant, and votes to grant a new trial as to Longwood unconditionally, with the following memorandum: In charging the jury with respect to the negligence of the defendants, the learned trial court stated, referring to the beam which fell and struck the intestate "It certainly cannot be said that it is reasonable practice to let beams fall. It fell presumably because somebody was at fault." When counsel for Longwood excepted to that portion of the charge "in which you instructed this jury as a matter of law that the falling of the beam here was due to someone's negligence", the trial court further stated "that is what I understand the law to be". The instruction to the jury, coupled with the later statement as to the court's understanding of the law, was equivalent to a direction of a verdict on the question of negligence. This was error. The action had proceeded to trial on definite allegations of negligence as against each defendant, pleaded in the amended complaint and bills of particulars, which plaintiff was required to prove, and it was for the jury to determine whether or not the accident which caused the death of the intestate was due to the negligence of any defendant, as alleged. The charge would have been equally erroneous if this had been a *res ipsa loquitur* case. (*George Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108.) Longwood alone excepted to the portion of the charge above referred to. Although it may be that Kretzer could take advantage of Longwood's exception (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461), it has apparently acquiesced in the charge since it neither joined in the exception nor urged the error on this appeal. Beldock, J., concurs insofar as the judgment is reversed as to appellants Kretzer and Longwood, but dissents insofar as a new trial is granted as to said appellants unless respondent Campanelli

stipulate to reduce the verdict in her favor against said appellants, and votes to grant a new trial as to both of said appellants unconditionally, with the following memorandum: I agree with the reasons set forth in the dissenting memorandum of Nolan, P. J., as to appellant Longwood. However, I am of the opinion that Kretzer, in the interests of justice, should be permitted to take advantage of Longwood's exception, despite its failure to join therein or to urge the error on this appeal. On appeal by John E. Breen, Inc., judgment reversed on the law and the facts, with costs, and complaint dismissed. The proof fails to show any negligence in the operation of the crane. Such finding is implicit in the jury's verdict exonerating the crane operator, Stanley Band. Furthermore, the proof fails to show any causal connection between the absence of a capacity chart on the crane and the occurrence of the accident. Appeals from orders dismissed, without costs. No such orders are printed in the record.