J. Irwin Shapiro, J.
At the request of the parties, the jury was discharged and this case was continued as a nonjury cause *875 upon a stipulation that, whatever the judgment, it he without costs or disbursements.
The defendant and third-party plaintiff acquired title to the premises in question in 1954 and has owned and maintained them ever since. At that time, and now, the premises consisted of four stores with three sidewalk cellar door openings (6 doors) located in front of three different stores.
When the building was erected and a certificate of occupancy obtained, the plans showed five stores and two sidewalk cellar openings.
It is clear from the record that the original five stores shown on the plans were remodeled into four stores without authorization from or notification to the Department of Housing and Buildings of the City of New York. In the same manner, the third sidewalk cellar door opening, with two doors covering it, was built and maintained without municipal authority or permit. It is that cellar door opening through which the plaintiff fell and was injured.
Although the record is barren of any information as to when, prior to 1954, the stores were remodeled or the unauthorized cellar door opening was built, it is clear that the remodeling took place after the building of that cellar opening, for one of its doors opened directly in front of the door of one of the stores.
Plaintiff had entered that store, walking over the cellar doors in question, then closed, stayed there just long enough to put some papers in a box, and was stepping out of the store when he fell against one of the cellar doors, then open, and fell part way down the cellar steps.
The complaint contains two causes of action, the first in negligence and the second in nuisance.
So far as the negligence cause of action is concerned I find as a fact that the defendants were guilty of negligence in maintaining the cellar door in question on the sidewalk directly in front of the store entrance, and which was the only means of entrance to and egress from that store, and that the plaintiff was wholly free from any negligence contributing to accident in which he was injured. He was not bound to anticipate that in the few seconds that he was in the store someone would open and leave raised and unguarded a cellar door directly in front of the store entrance, and in the manner in which he was leaving the store, as detailed in the testimony, it is obvious that he did not and could not reasonably be expected to notice the raised cellar door.
This case is distinguishable from cases like Kirby v. Newman (239 N. Y. 470) and Siegel v. Gordon (278 N. Y. 416) in which *876 it was held that the landlord could not be held liable because someone else, even though a tenant in the building, had opened and left open a cellar door in the absence of notice to the landlord that the cellar doors were open and unguarded at the particular time of the occurrence. In those cases, however, the invasion of the city streets by the cellar doors took place with municipal consent and pursuant to a permit or license duly issued. The rationale of those cases is that there was nothing negligent about the creation and maintenance of the sidewalk cellar doors. The accidents in those cases were occasioned by the negligent use of a sidewalk cellar door properly built and maintained. In other words, there was nothing negligent per se about the construction of the cellar doors or their manner of maintenance. To put it succinctly, as the court did in the Kirby case (supra, pp. 474-475) “ when the opening is properly constructed in the first place and is kept in proper repair after-wards, the owner is not liable for the carelessness of third parties in using the opening, as by leaving the hole unguarded when in use or uncovered when not in use ”.
Here, on the contrary, the placement of the cellar doors directly in front of the entranceway to a store constituted both an original negligent construction, by whoever constructed it, and a continued and continuous negligent maintenance by the defendant owner since she acquired title to the premises in 1954.
It is no defense for her that she took title to the premises in their present condition and that she made no changes therein. She is legally chargeable with knowledge of the condition of the premises and regardless of the fact that the original negligent construction was not of her making, she is responsible to the plaintiff for her continued maintenance of a clearly dangerous and therefore negligent condition.
If, however, there be any doubt as to the defendant’s liability on the negligence cause of action, although I have no such doubt, it is clear beyond question that the defendant is liable on the nuisance cause of action, and this irrespective of any claim of contributory negligence on the part of the plaintiff, a claim which I have heretofore found as a fact to be baseless. The cellar door opening was constructed and maintained without warrant in law. It constituted an illegal and unauthorized invasion of the city street. It was therefore a nuisance as a matter of law to which any alleged contributory negligence would not be a defense. The point is clearly made in Delaney v. Philhern Realty Holding Corp. (280 N. Y. 461, 465) in which the court said:
*877 “If no license has been issued, then an obstruction in the public way is an absolute nuisance (McFarlane v. City of Niagara Falls, 247 N. Y. 340, 343; Clifford v. Dam, 81 N. Y. 52; Congreve v. Smith, 18 N. Y. 79), whereas if a permit has been issued but the privilege to obstruct the public way is exercised in an improper manner, then the resulting nuisance is of a kind which arises out of negligence.
“As to the kind of misconduct on the part of a plaintiff which bars recovery in an action based on negligence and one based on nuisance, a jury should be charged as follows: When the charge is want of due care or negligence, obviously any want of due care on the part of the plaintiff or negligence contributing to the happening, prevents recovery. When the complaint is nuisance, consideration must be given to the kind of nuisance, whether nuisance based on mere want of due care and thus arising out of negligence, or nuisance based on an act which is unlawful even if performed with due care. When the gravamen of the complaint is nuisance which arises out of negligence, then a jury should be charged that contributory negligence on the part of the plaintiff bars recovery. (McFarlane v. City of Niagara Falls, supra.) But where the gravamen of the complaint is an absolute nuisance or a nuisance per se, that is a nuisance based on an act which is unlawful even if performed with due care, then a jury should be charged that something more than a mere want of ordinary care on the part of the plaintiff is required to prevent recovery. (Muller v. McKesson, 73 N. Y. 195; Lynch v. McNally, 73 N. Y. 347.) The act of the plaintiff to prevent recovery must amount to being informed of the dangers in his path and then being willing to encounter them.”
In this case the plaintiff was not ‘1 informed of the dangers in his path” and was not “willing to encounter them” (Delaney, supra) nor did he expect the obstruction to safe passage which he unexpectedly encountered. In circumstances such as these here present it is only “if the plaintiff sees the obstruction and with foresight of the consequences unreasonably attempts to exercise the legal right of passage regardless of the risk” — that — “there may be no recovery”. (Delaney, supra, p. 466.)
At the end of the entire case, the defendant and third-party plaintiff rested on the plaintiff’s proof. I then dismissed the third-party complaint against the third-party defendant, one of the tenants in the premises, who it was alleged in the third-party complaint was the one that opened the cellar door in question. There was no proof of that fact.
*878 After carefully considering the injuries of the plaintiff attributable to this accident and the causally connected special damages, I find that $7,500 would be a fair and adequate award.
Judgment in favor of the plaintiff against the defendant and third-party plaintiff in the sum of $7,500, without costs or disbursements and the third-party complaint is dismissed.