■ MARTHA OSTERMEIER, Respondent, v VICTORIAN HOUSE, INC., et al., Defendants, and 67-02 MYRTLE AVENUE CORP., Appellant. (And Third and Fourth-Party Titles.)—In an action to recover damages for personal injuries and property damage, the defendant 67-02 Myrtle Avenue Corp. appeals from so much of an interlocutory judgment of the Supreme Court, Queens County (Miller, J.), dated February 14, 1985, as, after a nonjury trial, is in favor of plaintiff and against it on the issue of liability.

Interlocutory judgment affirmed insofar as appealed from, with costs.

The plaintiff Martha Ostermeier sustained personal injuries when, in December 1980, she tripped over an outdoor sidewalk carpet placed in front of premises occupied by the defendant tenant Victorian House, Inc., and owned by the appellant 67-02 Myrtle Avenue Corp. The plaintiff thereafter commenced suit alleging causes of action in nuisance and negligence. After a nonjury trial on the issue of liability, the court found in favor of the plaintiff, concluding, *inter alia,* that the carpet obstructed the sidewalk in apparent violation of Administrative Code of the City of New York § 692h-1.0 and thereby constituted an absolute nuisance.

Special Term properly concluded that the outdoor sidewalk carpet in question constituted the type of dangerous and improper obstruction characterized as an "absolute nuisance" for which a nonpossessory owner such as the appellant may be properly cast in liability to pedestrians injured by virtue of the carpet's presence in their path *(see, Delaney v Philhern Realty Holding Corp.,* 280 NY 461, 464; *McFarlane v City of Niagara Falls,* 247 NY 340, 343; *cf. Junkermann v Tilyou Realty Co.,* 213 NY 404, 408; *Marshall v Mastodon, Inc.,* 51 AD2d 21, 24; *see also,* Administrative Code §§ 692h-1.0, 692h-5.0). Moreover, it is well settled that a lessor who leases property for a public use is liable in damages resulting from a defective condition of which he knew at the time the lease was made *(Junkermann v Tilyou Realty Co., supra; Marshall v Mastodon, Inc., supra; see,* Prosser and Keeton, Torts § 63 [5th ed]). It is undisputed that the appellant's president, Mr. James Rotolo, was aware of the presence of the carpet. Nor is there any dispute that a New York City inspector had issued a city Administrative Code violation notice approximately three weeks before the plaintiff's accident, advising the appellant that the carpet was illegally obstructing the public sidewalk in front of the premises. Under the circumstances, we conclude that the appellant was properly found liable to plaintiff for the injuries sustained. We have reviewed the appellant's remaining contentions and find them to be without merit.

We note that the issue of the apportionment of the defendants' liability as well as damages must await further action at the trial level. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur. *[See,* 126 Misc 2d 46.]