■ ULRICK PLACIDE et al., Appellants, v YADID, LLC, Respondent, et al., Defendants. [808 NYS2d 279]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated July 28, 2004, which granted the motion of the defendant Yadid, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff slipped and fell on the public sidewalk in front of a car wash in Brooklyn. On the date of the accident, the car wash was operated by the defendant G.C.W. Bell Corp. (hereinafter G.C.W.) on property it leased from the defendant Yadid, LLC (hereinafter Yadid). According to the plaintiffs, the accident occurred because soapy or greasy water flowed from the car wash onto the sidewalk, making the sidewalk slippery. After some discovery had been conducted, Yadid moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it could not be found liable for the accident because it was an out-of-possession landlord, and its lease with G.C.W. required the tenant to assume all maintenance and repair responsibilities. In opposition to the motion, the plaintiffs argued that an issue of fact existed as to whether the runoff of soapy or greasy water onto the public sidewalk constituted an absolute nuisance, for which a nonpossessory landlord could be held liable. The Supreme Court granted Yadid's motion, concluding, inter alia, that the plaintiffs failed to raise an issue of fact as to whether the runoff condition was an absolute nuisance because they had not alleged that it violated any regulation or administrative code provision.

The Supreme Court properly granted Yadid's motion for summary judgment. Yadid made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence demonstrating that it was an out-of-possession landlord who had no contractual obligation to maintain the sidewalk in front

of the leased premises, and did not retain a sufficient degree of control over the premises to impose liability (*see Beda v City of New York*, 4 AD3d 317 [2004]; *Ribacoff v City of Mount Vernon*, 251 AD2d 482 [1998]; *Kinner v Corning, Inc.*, 190 AD2d 977 [1993]). In opposition to the motion, the plaintiffs failed to demonstrate the existence of a triable issue of fact as to whether Yadid can be held liable for the negligent maintenance of the premises. Furthermore, where, as here, the condition alleged to constitute a nuisance has its origin in negligence, the nuisance claim must fail in the absence of proof of the property owner's negligence (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]; *Kinner v Corning, Inc., supra*). Moreover, Yadid cannot be held strictly liable for the negligence of its tenant on a theory of absolute nuisance because the runoff condition alleged by the plaintiffs does not constitute an unlawful obstruction of the sidewalk (*see Delaney v Philhern Realty Holding Corp.*, 280 NY 461 [1939]; *cf. Ostermeier v Victorian House*, 121 AD2d 611 [1986]). S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.