MAUD H. LOYD, Appellant, *v.* THIRD AVENUE RAILWAYS COMPANY, Respondent.

First Department, July 3, 1942.

*Stanley J. Harte* of counsel [*John O'Rourke* and *Sidney S. Allen* with him on the brief], for the appellant.

*James A. Donnelly* of counsel [*Alfred T. Davison*, attorney], for the respondent.

DORE, J. Plaintiff appeals from an order setting aside a jury's verdict in her favor for $3,500 and granting a new trial in an action for personal injuries caused plaintiff when she was struck by defendant's trolley car at Fifty-seventh street and Third avenue, Manhattan.

Plaintiff testified that after the light had changed to red against the stopped trolley car and green in her favor, she stepped forward, and that the car moved ahead against the light, struck her and threw her down, causing the injuries complained of. Two pas-

sengers in the car testified that plaintiff came in contact with the right front door on the right side of the moving trolley car. Another witness for defendant testified that plaintiff was crossing against the light and walked straight up against the car and as a result was knocked down.

The learned trial court erred in setting aside the jury's verdict in plaintiff's favor. The jury's verdict was based upon conflicting evidence raising issues of fact as to negligence and contributory negligence. These issues were submitted to the jury in a clear, comprehensive charge adequately protecting the rights of both parties. No exceptions were taken to the charge and no requests made by either party. There were no errors in the admission or exclusion of evidence. Plaintiff's version, if accepted by the jury, established the negligence of defendant and supports the verdict. It was not inherently improbable. The issue of plaintiff's contributory negligence was an issue of fact for the jury.

The order setting aside the jury's verdict should be reversed, with costs and disbursements, and plaintiff's verdict reinstated, and judgment entered thereon in plaintiff's favor, with costs.

UNTERMYER, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

MARTIN, P. J. (dissenting). The court properly set aside the verdict. The overwhelming weight of the evidence established that the car was moving at all times as it approached Fifty-seventh street and did not stop, as plaintiff claims. Plaintiff walked into the side of the car and was struck by the overhang. The car was nineteen inches wider than the track. The door was six inches less.

The order appealed from should be affirmed.

Order setting aside the jury's verdict reversed, with costs and disbursements to the appellant, and plaintiff's verdict reinstated, and judgment directed to be entered thereon in plaintiff's favor, with costs.