ELLEN A. HOLLY, Respondent-Appellant, v. ANTOINETTE A. VERRASTRO et al., Respondents, and RALPH A. SNYDER et al., Appellants. (Action No. 1.) MARY A. OWENS, Respondent-Appellant, v. ANTOINETTE A. VERRASTRO et al., Respondents, and RALPH A. SNYDER et al., Appellants. (Action No. 2.) ANTOINETTE A. VERRASTRO, Respondent, v. NESTOR BROS., INC., et al., Appellants. (Action No. 3.) LEONARD G. VERRASTRO, Respondent, v. NESTOR BROS., INC., et al., Appellants. (Action No. 4.) NESTOR BROS., INC., Appellant, v. LEONARD G. VERRASTRO et al., Respondents. (Action No. 5.) — Appeal by defendants-appellants in Action No. 1 from a judgment, Supreme Court, Broome County, in favor of the plaintiff-respondent, based upon a jury verdict, for the sum of $10,000 and from an order denying their motion for a new trial. Appeal by plaintiff-appellant from a judgment dismissing her complaint against defendants-respondents, based upon a jury verdict of no cause of action. Appeal by defendants-appellants in Action No. 2 from a judgment in favor of the plaintiff-respondent, based upon a jury verdict, for the sum of $10,000, and

from an order denying their motion for a new trial. Appeal by plaintiff-appellant from a judgment dismissing her complaint against defendants-respondents, based upon a jury verdict of no cause of action. Appeal by defendants-appellants in Action No. 3 from a judgment in favor of plaintiff-respondent, based upon a jury verdict, for the sum of $5,000, and from an order denying their motion for a new trial. Appeal by defendants-appellants in Action No. 4 from a judgment in favor of plaintiff-respondent, based upon a jury verdict for the sum of $2,000, and from an order denying their motion for a new trial. Appeal by plaintiff-appellant in Action No. 5 from a judgment dismissing its complaint, based upon a jury verdict of no cause of action, and from an order denying its motion for a new trial. All five of these actions, tried together, arose from a collision between an automobile owned by Leonard G. Verrastro and operated by his wife, Antoinette A. Verrastro, and a tractor-trailer owned by Nestor Bros., Inc., and operated by Ralph A. Snyder, at a street intersection in Binghamton, N. Y. Ellen Ann Holly and Mary Ann Owens were passengers in the Verrastro automobile. Traffic at the intersection was controlled by automatic signal lights of the usual red and green type, which were in operation at the time. Each driver claimed to be proceeding into the intersection on a green light, and this issue of fact was the crux of the litigation as affecting liability. The principal question involved in all these appeals is whether there is evidence to support the verdicts and whether the verdicts are against the weight of evidence. The record discloses conflicting testimony as to the status of the traffic lights and as to which driver was proceeding with the "green light". The two versions were submitted to the jury in a clear, comprehensive charge, to which no exception was taken. Credibility of the witnesses was necessarily involved, and that question is always for the jury. The jury in unanimous special verdicts accepted one version as true and rejected the other as untrue. Under these circumstances the court should not substitute its judgment for that of the jury, and the verdicts should not be disturbed. (*Loyd* v. *Third Ave. Rys. Co.*, 264 App. Div. 568, affd. 290 N. Y. 602.) An improper question by counsel for the Verrastros and an improper remark in summation were not prejudicial to the point requiring a mistrial. The objectional matters were not pursued after objection and the trial court carefully instructed the jury in respect thereto. It is contended also that the verdicts in the first four actions are excessive. There is sufficient evidence of damage in the record to sustain the verdicts. Judgment and order appealed from by defendants-appellants in Action No. 1 are affirmed, with costs. Judgment appealed from by plaintiff-appellant in Action No. 1 is affirmed, with costs. Judgment and order appealed from by defendants-appellants in Action No. 2 are affirmed, with costs. Judgment appealed from by plaintiff-appellant in Action No. 2 is affirmed, with costs. Judgment and order in Action No. 3 are affirmed, with costs. Judgment and order in Action No. 4 are affirmed, with costs. Judgment and order in Action No. 5 are affirmed, with costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.