■ RUTH M. TENCZAR, as Administrator of the Estate of ANNE E. TENCZAR, Deceased, et al., Respondents, v. BERNICE MILLIGAN et al., Appellants.— Appeals from a judgment of the Supreme Court, entered July 9, 1974 in Albany County, upon verdicts rendered at a Trial Term in favor of the plaintiffs and from an order of said court, entered July 22, 1974, denying the motion of defendants

Vernum and American Courier Corporation to set aside the verdict. This two-car accident occurred on Route 9, Colonie, New York, when the Milligan car, proceeding south with plaintiffs Manser and Tenczar as passengers, hit ice and slid across the southbound lane, a six-foot mall and into the northbound lane of traffic. The car stopped perpendicular to the traffic in the northbound lane where it was struck by the northbound Vernum car. Anne Elizabeth Tenczar was killed and David Manser was injured. Verdicts were rendered in favor of the plaintiff Ruth M. Tenczar as administratrix of the estate of Anne Elizabeth Tenczar against both defendants on the cause of action for wrongful death in the amount of $60,000 and on a cause of action for conscious pain and suffering in the amount of $30,000. The plaintiff David Manser recovered against both defendants in the amount of $114,395.39. The jury further found defendants Vernum and American Courier Corporation to be 33⅓% negligent and defendant Milligan to be 66⅔% negligent. The defendant Milligan's contention that the verdict is contrary to law and the weight of the evidence is without substance. She was proceeding at about 40 miles per hour and, as she negotiated a curve, her car hit ice and slid across the mall into the northbound lane. Defendant Milligan knew that due to snow and ice the driving conditions were hazardous. She was obligated under such conditions to operate her car at a rate of speed and in such a manner of control as was commensurate with the known dangers (*Gralton* v. *Oliver*, 277 App. Div. 449). On this record, the jury may well have found that a cause of this accident was her incautious driving. It cannot be said, as a matter of law, that the verdict was against the weight of the evidence. The defendant Vernum also appeals contending that the verdict of the jury was against the weight of the evidence. He relies heavily on this court's decision in *France* v. *Shannon* (36 A D 2d 651). In *France* (*supra*) this court found that the driver had no time to react to the operation of the other vehicle and that the emergency created by the other automobile was in all probability the sole cause of the accident. In addition, in the *France* case (*supra*), the car that left its own lane and crossed the mall actually struck the oncoming car, whereas in the instant case, Vernum struck the Milligan car which, according to some testimony, was stopped in the northbound lane at the time of the accident. Vernum's own testimony was that he observed the car coming in the opposite direction possibly two-tenths of a mile away and kept it in sight until it disappeared, only to reappear directly in front of him. He did not apply his brakes, turn his car, attempt to use the right hand shoulder of the road, nor do anything to avoid the accident. The road in the vicinity, although unlighted, had an unobstructed view and, of course, the driver was bound to see what, with proper use of the senses, he should have seen (*Weigand* v. *United Traction Co.*, 221 N. Y. 39). Having found each defendant negligent, the allocation of the respective degree of negligence is peculiarly one for the jury, and the finding that the defendant Milligan was 66⅔% negligent and defendant Vernum was 33⅓% negligent is sustained by this record. Both defendants allege that the verdicts in each case were excessive. The verdict in favor of David Manser was for $100,000 plus $14,395.39 which represented his special damages. The issue of damages is factual and thus is essentially a determination for the jury. It is only when it can be said that a verdict is clearly excessive that an interference is warranted. On the medical testimony herein, this court cannot say that the verdict is so " clearly excessive " as to require intervention by the Appellate Court (*Sandor* v. *Katz*, 27 A D 2d 766; *Neddo* v. *State of New York*, 275 App. Div. 492, affd. 300 N. Y. 533). Nor was the award for wrongful death excessive. The measure of damages for pecuniary loss is complex

in nature. It must take into consideration the decedent's working habits, present position and potential for advancement in responsibility, increased earning capacity and life expectancy of decedent and her survivors, as well as many other elements. Viewing the record in this light, the award must be sustained. However, the record does not support the jury verdict of $30,000 for conscious pain and suffering. When the interval between injury and death is short, the degree of consciousness, severity of pain and apprehension of pending death are factors to be considered in determining the award (*Cook* v. *Erwin*, 30 A D 2d 579). The testimony in this case is that the decedent was moaning and groaning, that she did not talk or respond, that there was no blood pressure upon her arrival at the hospital, that she was unconscious upon arrival and died shortly thereafter, without regaining consciousness. On such a record, the award is excessive. The defendants urge that the trial court erred in its charge by not reviewing the evidence in respect to the legal principles charged. In this two-car accident, which did not take an inordinate time to try, with the testimony fresh in the jurors' minds, the charge to the jury does not require reversal. The application of the emergency doctrine by the court to the actions of the defendant Milligan was not prejudicial because the jury found defendant Milligan to have been negligent. Judgment, in respect to the cause of action for the conscious pain and suffering of the decedent Anne Elizabeth Tenczer, reversed, on the law and the facts, and a new trial of said cause of action ordered unless, within 20 days after entry of the order hereon, plaintiff Tenczer shall stipulate to reduce the verdict upon said cause of action to $10,000, in which event judgment upon said cause of action as so reduced, affirmed; failing such stipulation, such new trial of the cause of action for pain and suffering to be restricted to the issue of damages; and judgment in all other respects affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.