■ SAMUEL J. LEVEN et al., Appellants, v STEPHEN MARGUERITE et al., Respondents.—Appeal from a judgment of the Supreme Court, entered May 29, 1973 in Tompkins County, upon a verdict rendered at a Trial Term in favor of the defendants. During the early morning hours of October 11, 1970, the defendant, Sister Stephen Marguerite, was operating a Chevrolet automobile owned by the defendant, National Car Rental System, in a southerly direction on Route 13 in the City of Ithaca. With her as a passenger was her sister, Christine Ciulla, lessor of the afore-mentioned automobile. At the same time, the plaintiff, Samuel Leven, was operating a Ford automobile owned by his father, the plaintiff, Stanley Leven, in a northerly direction on Route 13. This highway is a four-lane paved road divided in the center by a double yellow line, thus providing two lanes for travel in each direction, and within the city is also designated and known as South Meadow Street. At some point on the street in the area of the 700-block, the two vehicles were involved in a head-on collision. Both operators and the passenger received bodily injuries and causes of action were com-

menced by the plaintiffs here and by Sister Marguerite and her sister. After a jury trial, verdicts of no cause for action were returned in each case. The only appeal taken was in the instant case and here the plaintiffs seek reversal and a new trial. The Levens contend, *inter alia,* that the verdict was against the weight of the evidence; that the charge of the court was inadequate in that it did not relate the evidence to the applicable law and that the conduct of the defendants' attorney throughout the trial was such as to prevent the plaintiffs from securing a fair trial. While both operators steadfastly maintained that they were operating their respective automobiles on their own side of the road, the accident occurred ·in the middle of the highway and was a head-on collision. The jury obviously concluded that both drivers were guilty of some negligence that proximately caused or contributed to the happening of the accident or otherwise failed to sustain their burdens. The varying versions presented by the operators presented questions of fact for the jury whose verdict thereon should not be interfered with unless it is clearly against the weight of the evidence, and by that is meant "no reasonable man would solve the litigation in the way the jury has chosen to do" *(Rapant v Ogsbury,* 279 App Div 298, 299). Perusal of the record, moreover, demonstrates the presence of sufficient evidence to support the jury's verdict here and reversal would constitute an unwarranted interference with the jury's function. The plaintiffs' reliance on *Zipay v Benson* (47 AD2d 233) in support of their contention that the failure of the trial court to relate the evidence to the applicable law requires reversal is misplaced. In *Zipay* the facts revealed rather complicated and involved circumstances with multiple parties, whereas the matter at hand is factually simple and easily understandable *(Thompson v Carney,* 52 AD2d 977). In addition, the instant trial "did not take an inordinate time to try, with the testimony fresh in the jurors' minds" *(Tenczar v Milligan,* 47 AD2d 773, 775). Ideally, the charge should state the law with clarity and specificity and apply it to the facts as disclosed by the evidence. However, in this short, simple and uncomplicated case, the issues were fairly submitted to the jury, and we perceive no error in the charge which prejudicially influenced the jury's verdict. Plaintiffs also contend that during the course of the trial and during summation counsel for the defendants was guilty of misconduct which substantially prejudiced plaintiffs and prevented a fair trial. We note first that there was no request that the summations be taken and, hence, the alleged remarks are not available for review (cf. *Rice v Ninacs,* 34 AD2d 388). Plaintiffs' counsel fails to specify the alleged acts of misconduct which he asserts occurred during the course of the trial and our review of the record fails to reveal any conduct which denied plaintiffs a fair trial or which constituted misconduct requiring a reversal. We have examined the other contentions of the plaintiffs and find no error which rises to a level which would require reversal. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.