■ NELSON THOMPSON, Respondent, v E. SEATON CARNEY et al., Appellants.—Appeal from a judgment of the Supreme Court, entered April 18, 1975 in Delaware County, upon a verdict rendered at a Trial Term in favor of plaintiff. Plaintiff was injured while operating his motorcycle along New York State Route 23 near the City of Oneonta on September 4, 1972 when defendants' vehicle made a left turn into a side road in front of plaintiff as he was attempting to pass it. There is conflicting evidence as to when the defendant driver signalled his intention to turn and on other facts related to the happening of the accident. The jury has adopted plaintiff's version and found defendants liable. There is sufficient evidence in the record to support the finding of negligence and we need not further consider the details of the accident itself. In seeking a reversal and new trial, defendants initially argue that the court's failure to discuss the evidence or set forth the contentions of the parties during its charge is reversible error, citing Zipay v Benson (47 AD2d 233). In Zipay, however, the facts revealed rather complicated and involved circumstances with multiple parties, whereas the matter at hand is factually simple and easily understandable. The circumstances were fresh in the minds of the jurors (Tenczar v Milligan, 47 AD2d 773). Nor do we find merit in the alleged errors in the charge of the court upon questions of negligence, damages or causal relation. Next, there is sufficient medical testimony to support a finding of permanent injuries and the necessary element of causal relation may be established without further medical testimony when, as here, the results of the negligent conduct are

within the experience and observation of laymen *(Shaw v Tague,* 257 NY 193, *Mitchell v Coca-Cola Bottling Co.,* 11 AD2d 579). Improper remarks and comments made during summation are also urged as a basis for reversal. The summation, however, was not recorded, nor was any request made by either counsel to have it recorded. Accordingly, there is no foundation upon which we can properly review the question of any possible prejudice *(Rice v Ninacs,* 34 AD2d 388). Defendants further maintain that the award of damages was excessive. We disagree. On this record, in its entirety, we are unable to say the amount awarded is so disproportionate to the injuries sustained that it is not within reasonable bounds *(Sandor v Katz,* 27 AD2d 766; 14 NY Jur, Damages, § 197). The remaining issues raised by defendants have been examined and we find them to be without merit. Judgment affirmed, with costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.