■ ROBERT WILCOX, Respondent, v ALLAN MORROW et al., Appellants. (Appeal No. 1.) [641 NYS2d 774] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motion to set aside the verdict pursuant to CPLR 4404 (a). "A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Martin v Seaman*, 184 AD2d 996, *lv denied* 80 NY2d 759). In our view, the jury reasonably determined that defendants were negligent in creating conditions that permitted the water in plaintiff's apartment to become dangerously hot and that defendants' negligence was the proximate cause of the injury sustained by plaintiff when he attempted to escape the stream of hot water in his shower.

Defendants contend that plaintiff's counsel made improper comments during his opening statement and summation. Because neither the opening statement nor the summation was transcribed, we cannot review that contention (*see, Jones v Brilar Enters.*, 184 AD2d 1077, 1078; *Leven v Marguerite*, 52

AD2d 970, 971; *Thompson v Carney*, 52 AD2d 977, 978). The court did not abuse its discretion in denying defendants' motion for a mistrial based upon improper references by plaintiff's counsel to dangerous conditions in the apartment building unrelated to the hot water. The court sustained defendants' objections to those references, thereby eliminating any possible prejudice to defendants (*see, Holly v Verrastro*, 280 App Div 1024). We reject defendants' contention that the testimony of plaintiff's expert lacked an adequate factual foundation. The opinion of the expert was based upon facts personally known to him through his inspection of the plumbing system (*see, Bethpage Water Dist. v Hendrickson Bros.*, 138 AD2d 660), along with "facts proven by, or reasonably inferable from, the testimony of other witnesses" (*Rodolitz v Boston-Old Colony Ins. Co.*, 74 AD2d 821). (Appeal from Judgment of Supreme Court, Niagara County, Rath, Jr., J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.