■ MARISA SWEDOWSKI, Appellant, v ETHICON, INC., et al., Defendants, and HEALTH SERVICES ASSOCIATION OF CENTRAL NEW YORK, INC., Respondent. [775 NYS2d 718]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered May 28, 2003. The order denied plaintiff's motion for a new trial on the issue of damages in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion pursuant to CPLR 4404 seeking a new trial on the issue of damages. "Although a trial court possesses broad discretion to grant a new trial where the verdict is against the weight of the evidence . . . [, t]he guiding standard is that a jury verdict should remain undisturbed unless the evidence so preponderates in favor of the moving party that the jury could not have reached the verdict on any fair interpretation of the evidence" (*Bobek v Crystal,* 291 AD2d 521, 522 [2002], *lv denied* 100 NY2d 505 [2003]; *see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]). Contrary to plaintiff's contention, the award of damages for past and future pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). We further conclude that the court properly denied plaintiff's request to charge the jury on the issue of past lost wages inasmuch as plaintiff failed to meet her initial burden of establishing past lost wages with reasonable certainty (*see Faas v State of New York,* 249 AD2d 731, 732-733 [1998]; *cf. Patterson v Kummer Dev. Corp.,* 302 AD2d 873, 874-875 [2003]). The court also properly denied plaintiff's request to charge the jury on the issue of future medical expenses. Although plaintiff's physician testified that plaintiff would require asthma medication for the rest of her life, plaintiff failed to present any evidence with respect to the cost of the medication (*see Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946 [2000]). Contrary to plaintiff's contention, an award for future medical expenses using only plaintiff's life expectancy and the stipulated amount for plaintiff's past medical expenses would be based upon mere speculation (*see generally Faas,* 249 AD2d at 732). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.