JOSEPH A. LETO et al., Respondents, v AMREX CHEMICAL COMPANY, INC., Appellant. [926 NYS2d 697]—

Malone Jr., J. Appeals (1) from a judgment of the Supreme Court (Lebous, J.), entered June 15, 2010 in Broome County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered June 15, 2010 in Broome County, which, among other things, denied defendant's motion to set aside the verdict.

Plaintiff Joseph A. Leto (hereinafter plaintiff), a plumber, and his wife, derivatively, commenced this action to recover damages for respiratory injuries that plaintiff allegedly suffered as a result of a chemical spill that occurred while plaintiff was working in defendant's facility in October 2005. After defendant conceded negligence for the occurrence of the spill, a jury trial was held on the issues of causation and damages. The jury returned a verdict in favor of plaintiffs on the issue of causation and awarded damages totaling $2,511,150 for past and future pain and suffering, future lost earnings, and past and future medical expenses.* Defendant unsuccessfully moved to, among other things, set aside the verdict and strike or reduce certain damages awards, and judgment was subsequently entered in favor of plaintiffs. Defendant appeals from the order denying its postverdict motion and from the judgment.

Initially, defendant contends that a multitude of errors made by Supreme Court warrant a new trial. We disagree. Defendant first contends that plaintiffs' counsel made various improper remarks during summation. However, because apparently neither party requested it, summation was not transcribed and, thus, we are unable to review defendant's contentions with respect thereto (see Sabia v National Fuel Gas Corp., 292 AD2d 807 [2002]; Wilcox v Morrow, 226 AD2d 1077, 1077-1078 [1996]). Moreover, we find no abuse of Supreme Court's discretion in denying defendant's motion for a new trial on this basis, as it was in the best position to assess whether defendant was prejudiced by the remarks of plaintiffs' counsel (see e.g. Straub v Yalamanchili, 58 AD3d 1050, 1051 [2009]; Pyptiuk v Kramer, 295 AD2d 768, 770 [2002]).

Next, we are not persuaded that defendant was prejudiced by

* No award was made for past lost earnings or on the derivative claim.

Supreme Court's dismissal of plaintiffs' claim for punitive damages at the close of proof, rather than earlier in the trial. Moreover, to the extent that defendant claims prejudice arising out of allegedly improper remarks about punitive damages by plaintiffs' counsel during summation, these are not reviewable for the reason stated above (*see Sabia v National Fuel Gas Corp.*, 292 AD2d at 807; *Wilcox v Morrow*, 226 AD2d at 1077-1078). Defendant also claims that Supreme Court erroneously denied its motion to strike the testimony of an expert environmental chemist on the basis that his testimony was speculative. However, the record reveals that the expert provided facts as to the properties of several chemicals utilized at defendant's facility and provided an opinion as to the combination and amounts of those that could create chlorine gas, which was the type of gas that could have caused plaintiff's respiratory injuries. Because this "opinion [was] based on established facts relevant to the controversy" (*Soulier v Hughes*, 119 AD2d 951, 952-953 [1986]), we find that the court did not err in refusing to strike it (*see Bulman v P & R Enter.*, 17 AD3d 1139, 1140 [2005]).

Defendant next contends that Supreme Court improperly refused to give a spoliation charge and a toxic tort charge to the jury. Although defendant contends that a spoliation charge was warranted due to plaintiff's failure to retain the shirt he wore on the day of the accident, insofar as defendant does not establish that plaintiff was on notice that this evidence would be needed for trial, we are not persuaded that the court was required to give such charge to the jury (*compare Marotta v Hoy*, 55 AD3d 1194, 1197-1198 [2008]; *Bigelow v Dick's Sporting Goods*, 1 AD3d 777, 777-778 [2003]). As for defendant's request for a toxic tort charge, although the charge ultimately given to the jury differed from what defendant requested, we find that it adequately conveyed the proper legal principle (*see e.g. Delong v County of Chautauqua*, 71 AD3d 1580, 1581 [2010]).

Turning to defendant's challenge to the damages awards, although we are not persuaded that the jury's failure to award plaintiff any damages for past lost earnings renders its award for future lost earnings a nullity, we nevertheless agree that the award for future lost earnings is against the weight of the evidence, and Supreme Court should have granted defendant's motion to set aside the verdict in this respect (*see e.g. Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *O'Brien v Mbugua*, 49 AD3d 937, 939 [2008]). Plaintiff was awarded $1,260,000 for future lost earnings, but we do not find that that amount was established with reasonable certainty (*see O'Brien v Mbugua*, 49

AD3d at 939; *Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1078 [2007]).

The evidence in the record establishes that plaintiff—now self-employed—pays himself a wage equal to 1,600 hours a year at the union job rate, pursuant to the same union contract under which he was formerly employed. Thus, it is reasonably certain that plaintiff earned $44,900 in wages and pension contributions in 2009. According to the union contract, he would have received $79,482 in wages and pension benefits, which results in a difference of $34,582; multiplied by 21 years, this results in a future lost earnings award of $726,222. Accordingly, the award for future lost earnings should be reduced to $726,222 or a new trial ordered on these damages if plaintiffs will not stipulate to that amount (*see O'Brien v Mbugua*, 49 AD3d at 940).

Next, defendant contends that the awards of $140,000 for past pain and suffering and $1 million for future pain and suffering are excessive. In reviewing such awards, we must determine whether they "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Garrison v Lapine*, 72 AD3d 1441, 1442 [2010]). As for past pain and suffering, the evidence established that, before the accident, plaintiff was healthy, fairly fit and very active in sports and outdoor activities. In the years between the accident and the trial, plaintiff suffered from increasing fatigue and progressively worsening shortness of breath, experienced lung spasms when exposed to very cold or very hot air temperatures and had a constant throbbing-type pain in his chest. Plaintiff's ability to restfully sleep was hindered and fluid build-up frequently awakened him in the night. Due to his limited respiratory function, he no longer participated in sports or other outdoor activities and is dependent on inhaled respiratory medications. Evidence in the form of lung function testing results establishes that plaintiff had a fairly significant decrease in lung capacity and performance during this time, which provided support for the subjective reports of plaintiff's physical limitations. Based on this evidence, we find that an award of $140,000 for past pain and suffering is reasonable compensation.

However, we reach a different conclusion with respect to the $1,000,000 award for future pain and suffering. The evidence at trial supported a finding that, as a result of the accident, plaintiff suffered from a significant obstructive and restrictive lung disease, which is unlikely to improve and, potentially, could continue to worsen. Although "[a]n award for pain and suffering is inherently a subjective inquiry, not subject to precise quantification, and generally presents a question of fact for the

jury" (*Petrilli v Federated Dept. Stores, Inc.*, 40 AD3d 1339, 1343 [2007]), plaintiff simply has not suffered the type of catastrophic injury that justifies a seven-figure award (*see Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1257 [2008], *lv denied* 11 NY3d 705 [2008]). After a review of other cases involving respiratory injuries (*see Swedowski v Ethicon, Inc.*, 6 AD3d 1198 [2004]; *Robert v Long Is. R.R. Co.*, 161 AD2d 346 [1990], *lv denied* 76 NY2d 712 [1990]; *Aguirre v Long Is. R.R. Co.*, 16 Misc 3d 1111[A], 2007 NY Slip Op 51384[U] [2007]), we find that the award for future pain and suffering should be reduced to $500,000 or a new trial ordered on these damages if plaintiffs will not stipulate to that amount (*see O'Brien v Mbugua*, 49 AD3d at 940).

We also find merit in defendant's argument that the $100,000 award for future medical expenses should be set aside. Plaintiffs' proof on this issue consisted of evidence regarding plaintiff's past medical testing and medications, as well as the testimony of his treating physician that he expected plaintiff's future medical tests and medications to remain the same. However, there was no evidence regarding how much these tests and medications had already cost plaintiff or would cost in the future. Contrary to plaintiffs' contention, the stipulated past medical expenses award cannot be projected forward to determine these future costs (*see Swedowski v Ethicon, Inc.*, 6 AD3d at 1199; *Hotaling v CSX Transp.*, 5 AD3d 964, 970 [2004]). In the absence of competent proof of the cost of plaintiff's anticipated medical costs, he is not entitled to an award for future medical expenses (*see Petrilli v Federated Dept. Stores, Inc.*, 40 AD3d at 1344; *Swedowski v Ethicon, Inc.*, 6 AD3d at 1199).

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment and order are modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff Joseph A. Leto $100,000 for future medical expenses, $1,260,000 for future lost earnings and $1,000,000 for future pain and suffering; vacate the award for future medical expenses and a new trial ordered on the issue of damages for future lost earnings and future pain and suffering unless, within 20 days after service of a copy of the order herein, plaintiffs stipulate to reduce the amount of the award for future lost earnings to $726,222 and for future pain and suffering to $500,000, in which event said judgment and order, as so modified, are affirmed.