Desmond, J.
The several plaintiffs, being the tenant and the owners, respectively, of a building in Manhattan which was damaged by fire in 1954, appeal as of right from a judgment entered on a unanimous order of the Appellate Division, First Department which reversed a Special Term order. The latter order had denied a motion made by defendant-respondent Prospect (the other defendants did not move) to dismiss this second amended complaint as to Prospect. The Appellate Division’s reversing order and judgment dismissed the complaint as to Prospect for insufficiency. Special Term’s memorandum said: “ Sufficient causal connection has now been alleged between the moving defendant’s claimed negligence and the spread of fire.” The Appellate Division’s memorandum, however, says that the complaint lacks any allegation that defendant Pope, who was a contractor scraping and refinishing a floor in the premises, “ because of ignorance on his part of the inflammatory nature of the material, was induced to forego precautions that he would have taken had the cans.been properly labeled ’ ’. The Appellate Division memorandum points out that this defect had twice before been pointed out by the courts but, according to the memorandum, the deficiency has not been cured in this third complaint. The pleading we have before us is the second amended complaint, two earlier pleadings having been dismissed for insufficiency.
The complaint alleges that the plaintiffs other than Howard owned the building and that Howard conducted a retail shop therein; that defendant Prospect was in the business of selling paints, varnishes and similar materials for use on wooden floors; that defendant Lacquer Corporation was the manufacturer and distributor of the materials used by Prospect, and that on or about September 22, 1954, defendant Pope was working at these premises scraping and refinishing a floor; that in the course of that operation, according to the complaint, Pope used materials purchased from defendant-respondent Prospect and manufactured and distributed by defendant Lacquer. Paragraph 6 says that these materials were of an extremely volatile and combustible nature which defendants Prospect and Lacquer *113 knew or should have known. Paragraph 7 says that defendants Prospect and Lacquer negligently and in violation of law and custom manufactured and sold these materials without giving any notice of their highly volatile and combustible nature, and without giving notice that they should be stored in a safe place and not exposed to dangerous elements such as electric wiring. Paragraph 8 of the complaint says that it was the custom and standard of manufacturers, distributors and retailers of such materials and was required by the rules and regulations of the New York City Fire Department that there be affixed to containers of such materials a notice of their volatile and inflammatory nature and instructions as to their use and storage. We note at this point that although the complaint does not so allege, appellants’ brief cites three provisions of the New York City Administrative Code, all in title C of chapter 19 thereof, which apparently require that every container of combustible materials sold in New York City must bear warning labels. Paragraph 9 of this complaint says that defendants Prospect and Lacquer knew or should have known of this dangerous condition and knew or should have known that the contents of the cans were to be used in connection with other materials and would be stored and left with those other materials and that defendants Prospect and Lacquer should have foreseen and anticipated “ that because of the inherently dangerous content of the cans * * * users thereof did not have knowledge of the dangerous substances contained in the cans ’ ’. Paragraph 10, alleging that Prospect and Lacquer failed to annex danger notices to the cans, is a repetition of earlier statements.
We now quote in full paragraph 11 of the second amended complaint because we think that it contains the allegation which the Appellate Division stated was missing, that is, an allegation that the decorating contractor Pope, because of ignorance of the nature of the material, omitted precautions he otherwise would have taken: “ 11. Because of the aforesaid, the contents of the cans were negligently used and stored by the defendant, Pope in that he did not possess the proper notice or warning needed and necessary in using and storing the said cans, and upon information and belief that had the defendant Pope been given sufficient warning, knowledge and notice of the contents of the cans which the defendants Prospect and Lacquer *114 possessed, he would have applied and stored the contents carefully and prudently gather than in the negligent manner he did. ’ ’
We proceed with the analysis of the complaint. Paragraph 12 says that the fire was directly caused by the negligence of some unidentified third party in dropping a lighted match or cigarette. Paragraph 13 alleges that the fire so started by this lighted match or cigarette would have been of no consequence except that it was fed by the volatile material in the cans which had been negligently applied and stored by defendant Pope because of the negligence of all the defendants in failing to warn or label as to the contents of the cans and their failure to give instructions as to their storage and their failure to anticipate, in the absence of such warning and notice, that the contents thereof in the hands of ignorant users including defendant Pope would be negligently applied and stored. All of those failures, alleges paragraph 13, caused the fire and damage.
It is not our present concern, of course, whether plaintiffs will be able to prove these allegations. We must assume on such a dismissal motion that they are all true. Our inquiry is as to whether the pleading (liberally construed, see Civ. Prac. Act, § 275) states, in some recognizable form, a cause of action known to the law (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220, 224). The applicable rules are in Condon v. Associated Hosp. Service (287 N. Y. 411) and Dulberg v. Moch (1 N Y 2d 54) and cases cited therein. If in any aspect upon the facts stated the plaintiff is entitled to recovery the pleading is good. It is deemed to allege whatever can be implied from its statements by fair intendment and the whole of it must be considered. Bead according to these rules and without stretching the meaning of words, this complaint says to us that the floor finisher Pope did not know of the nature and danger of the materials he was using, that respondent Prospect failed to label the cans or otherwise give notice of their nature and dangerous characteristics, that had Pope known of these dangers he would have exercised appropriate precautions but that he failed to do so because of his ignorance and lack of notice, that the immediate cause of the fire was a dropped cigarette or match but that this act of an unknown party would not have resulted in a serious fire had respondent Prospect and defendant Lacquer given notice of the danger, in which event Pope would have *115 taken appropriate precautions. We keep in mind that the only defendant moving to dismiss the complaint is Prospect, the alleged vendor of the dangerous and unlabeled material. We can take judicial notice of the New York City Administrative Code (supra) as a public statute although it is not alleged in the complaint. It may very well be that on a trial it would appear that the floor-finisher Pope well knew of the dangerous character of the material he was using. It may turn out that the failure to label the cans or give other similar notice of danger had no effect on Pope’s method of handling or storing the material, and perhaps that would result in a break in the chain of causation between Prospect and plaintiffs. However, as it seems to us, plaintiffs have not only alleged separate and concurring acts of negligence on the part of Pope, Lacquer and Prospect but have alleged also that the negligence of Prospect and Lacquer brought about the situation whereby Pope neglected certain precautions.
Support, generally, for the sufficiency of such allegations as these as against a vendor of products specially dangerous but negligently left unlabeled or mislabeled is found in such cases as Thomas v. Winchester (6 N. Y. 397), Willson v. Faxon, Williams & Faxon (208 N. Y. 108), Genesee Co. Patrons Fire Relief Assn. v. Sonneborn Sons (263 N. Y. 463) and Commissioners of State Ins. Fund v. City Chem. Corp. (290 N. Y. 64). If it should appear on the trial as a matter of proof that Pope knew, or that Prospect had reason to believe that Pope knew, of the dangerous character of the substance, then Prospect might be excused from fault in failing to give notice (see Rosebrock v. General Elec. Co., 236 N. Y. 227, 240, 241).
The judgment appealed from should be reversed, with costs in this court and in the Appellate Division, and the motion to dismiss the complaint as to Prospect denied.
Conway, Ch. J., Fuld and Burke, JJ., concur with Desmond, J.; Dye and Van Yoorhis, JJ., dissent and vote to affirm; Froessel, J., taking no part.
Judgment of Appellate Division reversed and order of Special Term reinstated in accordance with the opinion herein, with costs in this court and in the Appellate Division.