(April 6, 1965)

◼ LETHA McDANIEL, Respondent-Appellant, v. WILLIE M. WILLIAMS, Also Known as WILLIE M. REED, Doing Business as MAE'S BEAUTY PARLOR, et al., Appellants.— Judgment in an action for negligence and breach of warranty, in favor of plaintiff in the sum of $10,226, unanimously modified, on the law and on the facts, to the extent of dismissing the complaint against defendant-appellant I. Posner, Inc., with $50 costs to said defendant-appellant, and, as so modified, affirmed, with $50 costs to plaintiff-respondent-appellant. No actionable negligence or breach of warranty was established against defendant-appellant I. Posner, Inc. Plaintiff relies on the failure of said defendant-appellant to give adequate warning of the inflammable propensity of its product. The professional gallon jar involved bore the legend " KEEP AWAY FROM OPEN FLAME." The evidence is that the danger was known to the user, an experienced beautician. Where the danger is known to the user, no warning of the danger is required. (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 115; Rosebrock v. General Elec. Co., 236 N. Y. 227, 237–238.) In the circumstances, we find it unnecessary at this time to decide whether the legend was sufficient. (See Kaempfe v. Lehn & Fink Prods. Corp., 21 A D 2d 197.) Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

◼ VERNON R. ROTHSCHILD, Respondent, v. CAROLINA COACH Co., Appellant.— Order, entered on November 5, 1964, granting plaintiff's motion for a preference in trial pursuant to CPLR 3403 (subd. [a], par. 3), unanimously reversed, on the law and on the facts, without costs and disbursements; the motion denied and the preference vacated. The preference herein was granted pursuant to CPLR 3403 (subd. [a], par. 3) on the ground that the interests of justice will be served by an early trial. Plaintiff sued to recover damages for personal injuries sustained in December, 1963 when a vehicle in which he was driving collided with one of defendant's buses on a road in Snowhill, North Carolina. The action was commenced in March, 1964, and all pretrial proceedings were completed by October 19, 1964. However, early in October, 1964, defendant commenced an action against plaintiff in North Carolina for $1,250 for property damages to its bus. A preference was sought on the ground that the action in · North Carolina would be tried before the instant personal injury action and the judgment there would be res judicata. This, it was contended would result in an injustice when the comparative injuries to the parties are considered. In a similar situation it was held in Cohen v. Abolafia (18 A D 2d 1075) that a preference was unwarranted. A preference on the grounds of the interests of justice is authorized " in particular instances in which the expected lag in reaching trial is likely to cause unusual hardship." (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3403.10.) As a rule, in personal injury cases there must be a " persuasive showing of destitution or probability of death before trial". (Hanley v. Byrne Bros., 155 N. Y. S. 2d 607, 610, affd. 2 A D 2d 873.) In our opinion, the circumstances herein did not warrant the grant of this " extraordniary privilege " and it was an improvident exercise of discretion to grant the motion. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.