■ ROSARITA VERDIGLIONE, an Infant, by Her Guardian ad Litem, SALVATORE VERDIGLIONE, et al., Plaintiffs, v. EUGENE ROSIGNOLO et al., Defendants. (Action No. 1.) ROSARITA VERDIGLIONE, an Infant, by Her Guardian ad Litem, SALVATORE VERDIGLIONE, et al., Appellants, v. RIDGE LUMBER, INC., Defendant-Respondent and Third-Party Plaintiff-Appellant. W. W. DOBKIN Co., et al., Third-Party Defendants-Respondents. (Action No. 2.) — Judgments and order affirmed, without costs of these appeals to any party. Memorandum: Plaintiffs' cause of action against Ridge Lumber, Inc., is based upon its failure to give specific warning that the inflammable vapor from the can of cement which it sold to defendant Rosignolo might be ignited by use of electric light switches. Warning was given as follows: "CAUTION: INFLAMMABLE MIXTURE — DO NOT USE NEAR FIRE OR FLAME. * * * Extinguish all flames, including pilot lights. Shut off all motors and appliances (refrigerators, fans, clocks and all others)." We find no proof in the record that the switch would produce a spark or that a spark within the enclosed switch could ignite an inflammable vapor. Furthermore, there is no proof that any inflammable vapor reached the vicinity of the switch which was six feet away, and there is no evidence of any flame being in the vicinity of the switch, as contrasted with the uncontroverted proof that the fire originated at the pilot light and burned upward therefrom, scorching the wall and cupboards above it. Rosignolo testified that he first saw fire when it shot up in front of his face. There is ample evidence that the vapor was ignited by the burning pilot light which was only six or eight inches away from the can. Moreover, there is a complete absence of any proof showing any causal relationship between

the turning on of the switch and the conflagration which occurred. Upon this record it would be an exercise in pure speculation to submit the question of negligence of this defendant to the jury. All concur, except Williams, P. J., and Bastow, J., who dissent and vote to reverse and grant a new trial in the following Memorandum: We would affirm the judgments insofar as they dismiss those portions of the causes of action and claims over based on breach of warranty. We find no breach of warranty, express or implied. However, plaintiffs established a prima facie case in negligence against the defendant Ridge Lumber, Inc. It is difficult to ascertain definitely from the record whether the explosion was caused by the electric light switch or the pilot light and the plaintiffs were entitled to have that issue determined by the jury. There was testimony from which the jury could have found that there had been no explosion or flame while Rosignolo was working with the adhesive cement in very close proximity to the pilot light. There also was testimony that the flash and fire occurred instantaneously with the operation of the light switch. The concurrence in time between the operation of the switch and the flash flame cannot be overlooked or found to be necessarily coincidental, particularly where, as we have said, the material or fumes had not ignited prior to that time. The true question presented by this proof was not whether there was a breach of warranty, but whether there were adequate warnings of the dangerous qualities of the cement. There were warnings on the label, and on the lid, but one thing not warned against was the use of an electric light switch in the immediate vicinity of the cement. It has been held in many cases that whether or not a warning is sufficient and adequate under the circumstances, and whether the danger is reasonably foreseeable are questions for a jury. (*McLaughlin* v. *Mine Safety Appliances Co.*, 11 N Y 2d 62; *Gardner* v. *Fleckenstein*, 3 N Y 2d 812; *Alfieri* v. *Cabot Corp.*, 17 A D 2d 455; *Crane* v. *Sears Roebuck & Co.*, 32 Cal. Rptr. 754; *Tampa Drug Co.* v. *Wait*, 103 So. 2d 603 [Fla.]; *Maize* v. *Atlantic Ref. Co.*, 352 Pa. 51; *Moschkau* v. *Sears, Roebuck & Co.*, 282 F. 2d 878.) The judgments should be reversed insofar as they are based upon the claims and cross claims of negligence against the defendants Ridge Lumber, Inc., W. W. Dobkin Co., Inc., and Minnesota Mining and Manufacturing Company, so that the question of negligence as amongst all of the parties can be presented and determined. (Appeal by plaintiffs from a judgment of Monroe Trial Term in favor of defendant Ridge Lumber, dismissing the complaint; also appeal from order which granted defendants' motion; also appeal by third-party plaintiff, Ridge Lumber, from that portion of the judgment and order which dismisses its complaint against the third-party defendants' motion.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.