LORNA HAFNER, Respondent-Appellant. v. GUERLAIN, INC., Appellant-Respondent.

First Department, May 7, 1970.

*Thomas Grimes* of counsel (*Daniel J. Coughlin*, attorney), for appellant-respondent.

*Jay J. Gurfein* of counsel (*Gurfein & Gurfein*, attorneys), for respondent-appellant.

*Per Curiam.* These are cross appeals by permission of this court from an order of the Appellate Term which unanimously modified a judgment entered in the Civil Court on June 19, 1968, after jury trial, in the amount of $10,000, of which $2,000 was compensatory and $8,000 punitive damages. The Appellate Term modified by striking the award of punitive damages.

Plaintiff, after receiving a gift bottle of Shalimar perfume, applied portions of it to certain parts of her body. She then visited a beach where for some period of time she was exposed to the sun. The following day red blotches appeared on the areas to which the perfume had been applied. Subsequently the blotches turned brown and remained for several months.

An action was later commenced to recover compensatory and punitive damages. Plaintiff alleged breach of implied warranty of fitness, gross negligence and recklessness because the product was inherently dangerous.

At the trial plaintiff's expert testified that plaintiff had a photosensitivity reaction to Shalimar perfume. Exposure to light following application of the perfume produced the reaction of which plaintiff complained. The particular ingredient which spurred or initiated the reaction was oil of bergamot. The reaction which plaintiff suffered was characterized as "abnormal." Other persons using the perfume would not ordinarily experience such adverse reaction unless there was a cut or opening in the skin. In fact in the absence of light exposure plaintiff apparently would have experienced no unfavorable reaction.

There was no proof of a conscious disregard of the rights of others, or of recklessness on the part of defendant. Accordingly the award of punitive damages was properly eliminated (*Soucy*

v. *Greyhound Corp.*, 27 A D 2d 112; 14 N. Y. Jur., Damages, §161; *Roginsky* v. *Richardson-Merrell, Inc.*, 378 F. 2d 832). Nor was there even proof of improper manufacture of the product.

Evidence at the trial indicated that of some 270,000 sales of the perfume in 1963, there were only 25 complaints received. Apparently plaintiff was one of a very small group which suffered an unfortunate result from use of Shalimar perfume. The testimony indicated also that the ingredient causing the reaction is used in some other cosmetic preparations as well. The reaction suffered was abnormal and could not reasonably have been anticipated. With a product such as this one, sold as widely as stated, and easily purchased, the mere fact that an infinitesimal number experienced a discomforting reaction is not sufficient to establish that the product was not fit for the purpose intended (cf., *Kaempfe* v. *Lehn & Fink Prods. Corp.*, 21 A D 2d 197, affd. 20 N Y 2d 818).

The determination of the Appellate Term should be modified on the law to vacate the award for compensatory damages, and as so modified the determination should be otherwise affirmed, without costs or disbursements to either party.

STEVENS, P. J., EAGER, CAPOZZOLI and TILZER, JJ., concur.

Determination entered on May 27, 1969 unanimously modified, on the law, to vacate the award for compensatory damages, and as so modified the determination is otherwise affirmed, without costs or disbursements to either party.