RICHARD ZIPAY et al., Respondents-Appellants, v H. COOLIDGE BENSON et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents; DYER-FITTS CONSTRUCTION CO., INC., Third-Party Defendant-Appellant. (Action No. 1.)

RICHARD ZIPAY et al., Respondents-Appellants, v ALLIED CHEMICAL CORPORATION, Defendant, and CLARK JAMESVILLE RENTAL, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent; DYER-FITTS CONSTRUCTION CO., INC., Third-Party Defendant-Appellant. (Action No. 2.)

Third Department, April 3, 1975

*Kramer, Wales & McAvoy (Philip J. Kramer* of counsel), for Clark Trucking Company and another, defendants-appellants-respondents and third-party plaintiffs-respondents.

*Levene, Gouldin & Thompson (Carlton F. Thompson* of counsel), for H. Coolidge Benson, appellant-respondent.

*Herbert Lasky (Charles O. Ingraham* of counsel), for Dyer-Fitts Construction Co., Inc., third-party defendant-appellant.

*Chernin & Gold (Israel Margolis* of counsel), for Richard Zipay and another, respondents-appellants.

SWEENEY, J. On August 1, 1966, plaintiff Richard Zipay was employed as a flagman by third-party defendant Dyer-Fitts Construction Co. Inc. (Dyer-Fitts), a contractor engaged in repairing a portion of Route 23 between Norwich and South Otselic, New York. On that day two of Dyer-Fitts' large machines, a 10-foot wide shoulder spreader and a paver, were being operated on the 18-foot wide highway in opposite directions about 200 to 300 feet apart. There came a time when an eight-foot wide truck owned by defendant Clark was being guided by the plaintiff past the shoulder spreader when plaintiff was struck by another truck owned by defendant Benson, which was backing to deposit gravel in the shoulder spreader. As a result of the accident, plaintiff sustained severe, permanent personal injuries and brought an action based in negligence against Benson and Clark. These defendants cross-claimed against one another and each brought a third-party action against Dyer-Fitts.

The court submitted six questions to the jury which found negligence on the part of both defendants and the third-party defendant, and no negligence on the part of the plaintiff. The jury apportioned the fault at 20% for each of the defendants and 60% for the third-party defendant. Finally, it determined the amount of damages. The two defendants and the third-party defendant have appealed contending, among other things, that plaintiff failed to establish negligence as to any of them and also that plaintiff was guilty of contributory negligence.

Whether negligence was established as to any of the parties was a question to be determined by the jury and they have

resolved these issues in favor of the plaintiff and against both defendants and the third-party defendant. We should not disturb the jury's verdict unless a contrary conclusion is the only reasonable inference which can be made from the proven facts *(Rague v Staten Is. Coach Co.,* 288 NY 206), or reversible error was committed by the court during the trial. An analysis of the record in its entirety demonstrates, in our view, that there is sufficient evidence to justify findings by the jury of negligence on the part of each defendant and the third-party defendant and no negligence on the part of the plaintiff. The record also justifies the apportionment of fault arrived at by the jury.

For other reasons, however, we are constrained to order a new trial. Factually, the controversy was somewhat involved and the parties, in many respects, were not related. A reading of the charge reveals that the court did not discuss the facts and circumstances explaining the happening of the accident. For example, there is no mention that the plaintiff was a flagman directing traffic and was struck by a vehicle being backed. The charge left wholly to conjecture the duties which each of the parties owed to each of the others. It further left to speculation the application of general principles of law to the existing facts under circumstances in which all of the parties were lawfully present at the scene. Furthermore, the general rules of negligence, contributory negligence, proximate cause and foreseeability, although correctly stated, were not applied to the particular facts in issue which caused the injuries to the plaintiff, nor were they related to the various contentions urged by the parties. The charge was of no assistance to the jury in resolving the issues presented. This was substantial error. We arrive at this conclusion even though no party objected to the lack of specificity in the charge *(Enea v Kuhn, Smith & Harris,* 39 AD2d 908).

The failure, in charging the jury, to relate general rules of law to specific facts in a negligence action was considered by the Court of Appeals in *Green v Downs* (27 NY2d 205). Judge GIBSON, speaking for the majority, stated (p. 208): "We deem it essential that a charge 'incorporate the factual contentions of the parties in respect of the legal principles charged.' *(Arroyo v Judena Taxi,* 20 AD2d 888, 889; *O'Connor v 595 Realty Assoc.,* 23 AD2d 69, 74, app dsmd 17 NY2d 493; *Kroemer v Raybestos Manhattan,* 247 App Div 105, 106.) The trial court's instructions 'should state the law as applicable to the particu-

lar facts in issue in the case at bar, which the evidence in the case tends to prove; mere abstract propositions of law applicable to any case, or mere statements of law in general terms, even though correct, should not be given unless they are made applicable to the issues in the case at bar. * * * Thus, in negligence actions mere abstract rules applicable to any negligence case, or mere statement of the law of negligence in general terms, even though correct, should not be given unless made applicable to the issues in the case at bar.' (53 Am. Jur., Trial, § 573; 38 Am Jur, Negligence, § 370; and see *Dambmann v Metropolitan St. Ry. Co.,* 180 NY 384, 386–387, mot for rearg den 181 NY 504.)"

Since our determination requires a new trial, we deem it necessary to comment on one other issue raised on this appeal. A coemployee testified that, immediately after the accident and while plaintiff was lying in the eastbound lane of the highway with his feet extending into the westbound lane, the driver of the Clark truck made the following statement: "Get his feet out of the way. I want to get out of here." Over defendant Clark's objection, this statement was received in evidence. This was error. In our view, the statement was unrelated to the happening of the accident and highly prejudicial. We find no merit in plaintiffs' contention that the statement was some evidence of speed. The record reveals no testimony of speeding on the part of the Clark vehicle.

The judgment and order should be reversed, on the law and the facts, and a new trial ordered, without costs.

REYNOLDS, J. (concurring in part and dissenting in part). I agree with that part of the majority opinion holding that the charge of the general rules of negligence, contributory negligence, proximate cause and foreseeability, although correctly stated, were not applied to the facts in issue herein and left to speculation the application thereof. I also agree with their statement that the charge was of no assistance to the jury in resolving the issues presented. Additionally, I agree that the statement of Clark's driver allegedly made after the accident was unrelated to the happening of the accident and highly prejudicial, and was reversible error. However, I cannot agree with their statement that "An analysis of the record in its entirety demonstrates, in our view, that there is sufficient evidence to justify findings by the jury of negligence on the part of each defendant and the third-party defendant and no negligence on the part of the plaintiff." I consider this state-

ment, at this juncture, gratuitous and unwarranted. The new court and jury should not be hampered in their handling and disposition of the retrial. The evidence undoubtedly will differ and the charge will not be the same. Moreover, I do not agree with the substance of the statement referred to. It is my opinion that on the instant record the findings of the jury concerning the negligence of defendants Clark and Benson are unwarranted and definitely against the weight of the evidence. There is also a serious question in my mind concerning the finding of the absence of contributory negligence of the plaintiff.

No one can dispute that this entire operation and maneuver was under the sole direction of Dyer-Fitts Construction Co., Inc., and was being executed and managed by its employees, Zipay, the flagman (plaintiff) who was directing Clark, Rackett, the employee sitting on top of the shoulder spreader machine and directing the actions of Benson and Plestis, boss on the job for Dyer-Fitts, in general charge of the work. There is not a scintilla of evidence of negligence on the part of Clark, who was proceeding on his own side of the highway at a very slow rate of speed under the express direction of Zipay, the flagman. The record is replete with evidence as to the slow speed of the Clark truck in this tight passing maneuver, including the testimony of the plaintiff himself. The claim that under the circumstances Clark's driver might have a duty to sound his horn or to otherwise warn the plaintiff has no substance whatever under the facts of this case. He cannot be held liable simply because he happened to be present on the highway.

Benson, who was backing under the express signals of Rackett atop the "shoulder spreader", was the alter ego of Rackett, the employee of Dyer-Fitts, and was entitled to rely on the signals given. To allow him to be held negligent merely because he was backing would be to ignore the negligent instruction of Rackett, which was one of the proximate causes of the accident. Foreseeability and proximate cause as to Benson are lacking. He did nothing more than he was directed to do, and nothing that a reasonable and prudent man would not have done under the same circumstances.

Zipay, the plaintiff, was one of the principals in this tight passing maneuver, and *within five to ten minutes before the accident, he was bumped or nearly bumped under the exact same circumstances and conditions and was warned by Rack-*

*ett and Milchanosky, his coemployees, "to be more alert" and in substance "to watch his step." The danger had been forcefully presented to him.* The plaintiff himself admits the incident and the warnings given to him by his coemployees. Yet within a few minutes, under the same circumstances, he moved into the south lane of the road without ever turning his head to look to the west. If he had, he would have seen the Benson truck slowly backing toward him. In short, this plaintiff exposed himself to a known danger and could be guilty of contributory negligence as a matter of law.

In sum, in my view, this accident happened solely as a result of the negligence of Dyer-Fitts Construction Co., Inc., and its employees, including the plaintiff Zipay.

GREENBLOTT, J. P., KANE and MAIN, JJ., concur with SWEENEY, J.; REYNOLDS, J., concurs in part and dissents in part in an opinion.

Judgment and order reversed, on the law and the facts, and a new trial ordered, without costs.