MARY L. MARSHALL, Respondent-Appellant, v MASTODON, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. NIAGARA MOHAWK POWER CORPORATION, Third-Party Defendant-Respondent.

Third Department, February 5, 1976

*Stephen Vinciguerra (Arthur L. Rosen* of counsel), for appellants and third-party plaintiffs-appellants.

*Schrade & Kimmey (Karl H. Schrade* of counsel), for respondent-appellant.

*Maynard, O'Connor & Smith (Earl S. Jones, Jr.,* of counsel), for third-party defendant-respondent.

SWEENEY, J. On the evening of March 12, 1972, plaintiff was injured when she fell while roller skating at an arena owned by Guptill Holding Corporation (hereinafter Guptill) and operated by Mastodon, Inc., doing business as Guptill Roller Skating Arena (hereinafter Mastodon). After skating for approximately two hours, plaintiff was in the process of slowing down in preparation to leaving the skating area when the lights went out, plunging the entire arena into darkness. Plaintiff was struck by another skater and knocked down. She sustained serious personal injuries as a result of the fall.

Plaintiff brought this action against both Guptill and Mastodon. They, in turn, commenced a third-party action against Niagara Mohawk Power Corporation. After a trial, the jury awarded plaintiff $75,000, which the court reduced to $50,000. The jury apportioned liability between Mastodon and Guptill

75% and 25% respectively, and also returned a verdict of no cause of action against Niagara Mohawk. Both defendants appeal from the judgment in favor of plaintiff and the judgment dismissing their third-party action against Niagara Mohawk. Plaintiff appeals from the reduction of the jury verdict.

While there is considerable conflict in the testimony, a fair analysis of the record reveals that an automobile struck a Niagara Mohawk power pole located several miles from the arena. This resulted in an interruption of electrical power, causing the lights in the skating arena to go out. The emergency lighting system in the arena failed to activate when the primary source of power was cut off.

Basically, the primary defendants contend that plaintiff failed to prove any negligence on their part which was a proximate cause of this accident. More specifically, they maintain that the emergency lighting system was properly installed initially and that it was properly functioning at the time of the accident. They further contend that it was a "Power surge" in the Niagara Mohawk circuits after the power pole was struck by the automobile which caused fuses to blow, producing a failure of the emergency system. While defendants also appeal the no cause of action verdict of the third-party claim, they advance no specific argument for reversal. We will consider that issue first. To justify setting aside the jury verdict we must be of the opinion that the verdict is palpably wrong and the evidence so preponderant in defendants' favor that it is clear that the jury did not reach its conclusion on a fair interpretation of the evidence. *(Knise v Shearer,* 30 AD2d 741.) From an examination of this record in its entirety, we are of the view that the jury could reasonably conclude that defendants failed to establish negligence on the part of Niagara Mohawk which was a proximate cause of the accident. This verdict, therefore, should be affirmed.

We next consider the verdict in favor of plaintiff. It is her contention, among other things, that the batteries installed to supply power to the emergency lighting system did not contain sufficient charge to activate the system at the time of the blackout. By lay and expert testimony plaintiff produced evidence from which the jury could conclude that the fuses in the charging circuit had blown; that they did not blow because of a "surge of power"; that the system did not have an indicator light to advise whether or not it was in working order; that it did not have a test switch for the purpose of

testing the operating condition of the system; and that it violated the national electrical code and the State's standard building code. While much of this testimony was contradicted by defendants' proof, questions of fact and issues of credibility were for the jury to resolve. Consequently, the jury could conclude on this record that negligence had been established on the part of defendants which was the proximate cause of the accident. It is significant that the court read certain portions of both the national electrical code and the State's standard building code to the jury. In conjunction therewith, he charged the jury that if they found Mastodon violated any of the code regulations read to them they could consider such violation as some negligence along with all the other evidence in the case, provided that the violation of such regulations of the code was a proximate cause of the accident. Defendant took no exception to the charge.

As to defendant Guptill's contention that as a lessor out of possession it was not liable for plaintiff's injuries, we are unable to agree. It is well established that a lessor who leases property for public use is liable for damages resulting from a defective condition of the premises which he knew of, or, by virtue of reasonable inspection should have known of at the time the lease was made. *(Junkermann v Tilyou Realty Co.,* 213 NY 404.) The instant property was leased to Mastodon on January 1, 1972 and Charles Guptill, the founder of the arena, signed for both corporations. He was also on the premises at the time of the accident. On this record, the jury could conclude that Guptill Holding Corp. had knowledge or should have known of the defects in the emergency lighting system at the time the lease was executed.

Finally, we pass to plaintiff's contention that the jury's verdict should be reinstated. The record clearly establishes that this plaintiff was severely injured but, viewing the record in its entirety, we are unable to conclude that the trial court's decision was unreasonable. *(Hussey v Oneida Motor Frgt.,* 30 AD2d 741.)

The judgments should be affirmed, with one bill of costs to plaintiff.

HERLIHY, P. J., KANE, KOREMAN and LARKIN, JJ., concur.

Judgments affirmed, with one bill of costs to plaintiff.