18-0956-cv
*Wu Jiang v. Ridge Tool Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
                DENNY CHIN,
                RICHARD J. SULLIVAN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WU JIANG,

                   *Plaintiff-Appellant,*

            v.

                                         18-0956-cv

RIDGE TOOL COMPANY, EMERSON ELECTRIC CO., HOME DEPOT USA, INC.,

                   *Defendants-Appellees,*

JOHN DOE, 1-10,

                   *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            STACEY VAN MALDEN, Bronx, New York.

FOR DEFENDANTS-APPELLEES:            LEONARD FREDERICK LESSER, Simon Lesser
                                    PC, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this products liability case, plaintiff-appellant Wu Jiang appeals from a judgment entered March 27, 2018, dismissing his complaint against defendants-appellees Ridge Tool Company, Emerson Electric Co., and Home Depot USA, Inc., as well as defendants John Doe 1-10.  By memorandum and order entered March 27, 2018, the district court granted defendants' motion for summary judgment as to Jiang's only remaining claim in the case -- a failure-to-warn claim for injuries suffered from the use of defendants' vacuum cleaner.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.    <u>Background</u>

In August 2014, Jiang, a professional contractor, was refinishing the floor in a property in Rhode Island.  He applied Minwax High-Build Polyurethane ("Minwax") to the wood floor and then waited approximately eighteen hours before sanding the surface with a floor polisher.  He then used his Ridgid Wet/Dry Vacuum (the "vacuum") to collect the sanding residue.  After ten minutes, Jiang noticed smoke

- 2 -

emanating from the vacuum. He turned it off and unplugged it, and then started carrying it to the next room, where there was a sink. It was his intent to pour water into the vacuum's tub. On the way, the contents of the vacuum combusted and Jiang was badly burned.

Both the vacuum's warning label and the user's manual warned of the dangers from using the product to collect flammable material. The Minwax container labels also had warnings regarding the combustibility of the product, including that sanding residue from Minwax-treated wood is combustible. Jiang, who had been a contractor for ten years at the time of the accident, admitted to having read and understood all these warnings at some point. Jiang also admitted that he received on-the-job training on how to apply Minwax, which included warnings regarding the risk of fire from sanding residue.

On July 14, 2015, Jiang filed this action in the district court, asserting numerous claims related to the accident. He subsequently abandoned all claims except one -- a claim for strict products liability based on a failure-to-warn theory. In granting defendants' summary judgment motion, the district court concluded the warnings in question were adequate as a matter of law to satisfy defendants' duty to warn. The district court also ruled there was no genuine dispute over Jiang's knowledge of the specific risk that caused his injuries and thus he also had failed to show the existence of

a genuine issue of fact as to whether the allegedly inadequate warnings were the proximate cause of his injuries.

## 2. **Discussion**

Under New York law, "[a] manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known." *Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 237 (1998); *accord Caruolo v. John Crane, Inc.*, 226 F.3d 46, 51 (2d Cir. 2000); *see also In re N.Y.C. Asbestos Litig.*, 27 N.Y.3d 765, 788 (2016) ("[t]he manufacturer must warn of dangers arising from the product's intended use or a reasonably foreseeable unintended use." (internal quotation marks omitted)). Claims regarding the adequacy of a warning are normally fact-specific and are usually best reserved for trial. *See Urena v. Biro Mfg. Co.*, 114 F.3d 359, 366 (2d Cir. 1997). When a warning raises no triable questions of fact as to adequacy, however, summary judgment may be granted. *Fane v. Zimmer, Inc.*, 927 F.2d 124, 130 (2d Cir. 1991). A warning is adequate if it is accurate, clear, and consistent, and portrays the risk with sufficient intensity. *Martin v. Hacker*, 83 N.Y.2d 1, 10 (1993); *see also Moretto v. G & W Elec. Co.*, 20 F.3d 1214, 1223 (2d Cir. 1994). Further, when a user is aware of the dangers of using a product, the supplier cannot be held liable for a failure to warn. *Billiar v. Minnesota Min. & Mfg. Co.*, 623 F.2d 240, 243 (2d Cir. 1980).

Here, the warnings on both the vacuum itself and in the user's manual were clear and of sufficient intensity. The warning label on the vacuum read:

"WARNING . . . Do not pick up hot ashes, coals, toxic, flammable or other hazardous materials." The user's manual stated: "WARNING . . . Sparks inside the motor can ignite flammable vapors or dust. To reduce the risk of fire or explosion, do not use near combustible liquids, gases, or dusts." This warning was repeated elsewhere in the user's manual. The warnings were accompanied by a icon denoting their seriousness. The warnings clearly and emphatically alerted users to the dangers of using the vacuum to collect flammable dust.

Jiang argues the district court erred because it analyzed the adequacy of the warnings regarding polyurethane dust (i.e., dust that is made wholly of polyurethane) rather than *sanding residue of wood treated* with polyurethane, the substance at issue in this case. This argument fails to create a genuine issue for trial, however, because the warnings were sufficiently clear that a reasonable user would know that the warnings applied to dust generated from sanding a wood floor coated with polyurethane. First, the warnings stated that the vacuum should not be used to pick up combustible dust and flammable materials. Jiang admitted that he knew the dust created from sanding a polyurethaned floor was combustible, as he usually collected such dust in a bag filled with water. Second, the warnings on the Minwax container -- which Jiang admitted he had read -- clearly referenced the combustibility of "sanding residue" created from sanding floors treated with their product, and instructed users on proper disposal. The lack of a specific warning concerning the dust created by

sanding a wood floor treated with polyurethane did not render the vacuum's warning inadequate, as "[r]equiring too many warnings trivializes and undermines the entire purpose of the rule," and "would neutralize the effectiveness of warnings." *Liriano*, 92 N.Y.2d at 242.

In any event, the adequacy of the warnings was not a proximate cause of Jiang's injuries because a reasonable jury could only conclude that Jiang was a knowledgeable user. *See Liriano*, 92 N.Y.2d at 241 ("[W]here the injured party was fully aware of the hazard through general knowledge, . . . lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger."). The knowledgeable user exception is most often applied to professionals and skilled tradespeople, such as Jiang. *Billiar*, 626 F.2d at 243. Here, Jiang was a professional contractor for over ten years, had used Minwax on at least ten prior occasions, and had used Ridgid vacuums during that time. He admitted to having read the warnings and having received training on proper disposal. Jiang's experience with the products in question demonstrated, as a matter of law, that he was knowledgeable about the dangers related to their use. Therefore, his claim fails, and the district court did not err in granting summary judgment in favor of defendants.

We have considered Jiang's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

</div>